Jules **KRAUTHAMER**, Plaintiff,

v.

**John R. BLOCK et al., Defendants.**

**No. 83 Civ. 4949 (RWS).**

United States District Court, S.D. New York.

May 4, 1984.

Krauthamer & Katz, Chevy Chase, Md. Simon, Uncyk & Borenkind, New York City, for plaintiff; Neil B. Katz and Marc Zoldessy, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, for defendants; Frederick M. Lawrence, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Jules Krauthamer ("Krauthamer") has brought suit alleging discrimination against him on the basis of his stuttering handicap in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and seeking reversal of a decision of the Merit Systems Protection Board ("Board") under 5 U.S.C. § 7703(c). Krauthamer and defendant John R. Block, Secretary of Agriculture ("Secretary"), have both moved for partial summary judgment on the review of the Board's decision. For the reasons given below, Krauthamer's motion is denied and the Secretary's is granted.

The facts relevant to this motion are not in dispute. Krauthamer has been employed as an auditor with the United States Department of Agriculture since 1962. Krauthamer's main duty was to review monthly reports submitted to the agency for the New York-New Jersey Milk Marketing Area ("Agency") by regulated milk handlers, in order to verify the reports for accuracy and to ensure compliance with the terms of the Agency's milk marketing orders. In 1967, Krauthamer became a senior auditor. As a senior auditor, Krauthamer was expected to perform his own audits without supervision and to train other auditors. A junior auditor is not expected to handle high volume plants or more complex audits without supervision.

Krauthamer received unsatisfactory performance ratings as senior auditor from 1971 through 1978. He did not receive a within-grade salary increase after 1970. During this period, he met with his supervisors, who advised him that his salary increase was being withheld because of various problems with his job performance, including his need for assistance in completing simple audits, multiple errors in audit statements, lack of rapport with handlers and slowness in preparing audits. In 1973, he entered a special training program, but in 1978 he was told by his supervisor that his performance was deficient, and his 1977 and 1978 performance appraisals stated that he needed improvement or was unsatisfactory in 13 of 15 categories.

On March 16, 1979, a notice of proposed demotion from senior auditor to junior auditor, with a salary cut from $26,000/year to $22,600/year, was issued to Krauthamer. The notice cited two reasons for the action, (1) Krauthamer's unsatisfactory 1977 and 1978 performance appraisals and (2) his unsatisfactory audit work. Under the latter ground, 23 instances of unsatisfactory performance from 1971 through 1978 were cited, but the notice stated that the 23 were not meant to be exhaustive. The instances included numerous audit errors, slow work, inability to work without supervision and sloppy audit reports and schedules. After Krauthamer responded to the notice by a letter from counsel, he was demoted effective September 15, 1979.

Krauthamer appealed the demotion to the Board claiming that the unsatisfactory performance appraisals were the result of discrimination because of his stutter, and that the instances of unsatisfactory work were unsupported by evidence and should be viewed in comparison with the performance of other auditors.

On May 16, 1980, the Board presiding official ("Official"), without a hearing, dismissed the first ground of the notice, stating that "the mere recitation of the fact that an unsatisfactory performance rating has been given to an employee without specification of the reasons behind the rating, is insufficient to [support] an agency adverse action." As to the second ground, he dismissed 22 of the 23 instances as stale

and prejudicial to Krauthamer and therefore barred by laches, concluding that the remaining instance was insufficient to warrant demotion. The Official reversed the demotion.

The Agency appealed to the full Board. The Board reversed and remanded the case on the ground that the Official had erroneously dismissed the charges through a strict application of the one-year time limit and should instead have employed a balancing approach. On remand, an evidentiary hearing was held from May 11, 1981 through May 13, 1981. The Agency presented the testimony of four persons who had worked with Krauthamer during his training sessions and of an auditor who compared Krauthamer's audit performance time with the average. Krauthamer testified in his own defense and called auditors to testify in support of his claim that the agency's action was disparate and that his performance was no worse than that of others who had not been demoted. He also presented other auditors' reports and schedules in support of this claim. After the hearing had ended, the Official admitted additional samples of Krauthamer's work during 1975 through 1977 submitted by the Agency, even though Krauthamer had objected to the admission of the evidence as beyond the scope of a stipulation concerning additional evidence, and beyond the scope of direct examination and the Agency's notice of adverse action. The latter evidence was admitted only in rebuttal of the disparate treatment claim.

On June 17, 1981, the Official issued a decision sustaining three of the specified instances: 1) that one of Krauthamer's audit summaries was sloppy, contained erasures and written-over numbers and was difficult to read; 2) that a "schedule of differences" had been omitted from an audit; and 3) that a footnote in the text of an audit was not explained at the bottom of the page. The Official dismissed 20 of the instances as stale and prejudicial to Krauthamer and therefore barred by laches. The Official concluded that Krauthamer had made a prima facie showing of discrimination because of his stuttering, but that

the Agency had rebutted the inference of discrimination with additional evidence of Krauthamer's errors. Finally, the Official modified the penalty to a letter of reprimand, finding that the testimony was in conflict and that the Agency "failed to establish the uniqueness of [Krauthamer's] errors or that he stands out above the rest in this matter by virtue of the reasons cited in the advance notice."

Krauthamer and the Agency appealed. The Agency contested the mitigation of the penalty. Krauthamer contested the rejection of his handicap discrimination claim, contending that documentary evidence had been improperly considered in rebuttal. He also maintained that the three instances should not have been sustained.

By opinion of April 6, 1982, the Board reversed the Official with respect to the mitigation of the penalty and affirmed the remainder of the decision. The Board rejected Krauthamer's contention that the additional evidence had been improperly admitted, finding that the receipt of the evidence was consistent with the parties' stipulation. In rejecting the mitigation, the Board held that the Official had erred in considering only the seriousness of the charges in determining the appropriateness of the penalty, and that, under *Douglas v. Veterans Administration*, MPSB Docket No. ATO 75299006 (April 10, 1981), he should also have considered such factors as (1) the nature and seriousness of the offense and its relation to Krauthamer's duties; (2) his job level and type of employment; (3) his past work record; (4) the effect of his conduct on the employer-employee relationship; and (5) the potential for his rehabilitation.

In the present motion before this court, Krauthamer contends that his demotion was arbitrary and capricious and unsupported by substantial evidence because the evidence showed that he met the standard required for other auditors, and because the Agency's rebuttal evidence should not have been admitted. Krauthamer also contends that the penalty of demotion was

disproportionate to the offense charged. The Secretary contends that the Board decision should not be overturned.

The standard of review to be employed in this case, the parties agree, is given in 5 U.S.C. § 7703(c). Under that section, this court is to set aside:

any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence...

See Borsari v. Federal Aviation Administration, 699 F.2d 106, 109 (2d Cir.), cert. denied, —— U.S. ——, 104 S.Ct. 115, 78 L.Ed.2d 115 (1983).

Krauthamer has not challenged the Official's finding, affirmed by the Board, that three of the instances of unsatisfactory work were proven by a preponderance of the evidence. There is thus no dispute that substantial evidence supports the findings of a sloppy, hard-to-read audit, an audit with a schedule missing, and an unexplained footnote.

█ Instead, Krauthamer contends that his errors were no worse than those of other auditors, noting the Official's finding that the Agency had not established that Krauthamer stood out from other auditors by virtue of the reasons cited in the notice of demotion. However, it appears that this finding related to only one of the specified instances. Moreover, the specified instances were not meant to be exhaustive, but merely examples of Krauthamer's general unsatisfactory performance. See Penna v. U.S. Army, 490 F.Supp. 442, 444 (S.D.N.Y. 1980). The conclusion of unsatisfactory performance drawn from these three examples was supported by substantial evidence and was not arbitrary or capricious.

█ In addition, the Official found that the Agency's rebuttal evidence defeated the claim of disparate treatment. The Offi-

cial's decision to admit this evidence for the limited purpose of rebutting this claim was not an abuse of discretion. Further, as urged by the Secretary, the inclusion of disparate treatment as an element of one of the considerations in determining the propriety of a disciplinary action as stated in Douglas, supra, does not in itself raise such treatment to the level of a defense, whatever other effect it may produce.

The most significant challenge to the Board's action concerns its restoration of the initial demotion, which had been reduced by the Official to a letter of reprimand, and the basis for that restoration.

In considering a sanction imposed by an agency, a reviewing court:

will defer to the judgment of the agency as to the appropriate penalty for employee misconduct, unless its severity appears totally unwarranted in the light of such factors as the range of permissible punishment specified by statute or regulation, the disciplined party's job level and nature, his record of past performance, the connection between his job and the improper conduct charges, and the strength of the proof that the conduct occurred.

Brewer v. U.S. Postal Service, 647 F.2d 1093, 1098 (Ct.Cl.1981), cert. denied, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982). An action such as demotion may be taken "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). See Borsari, 699 F.2d at 110–11.

Krauthamer contends that the Board erroneously considered the 20 unsustained instances in demoting him, and presumably his unsatisfactory performance appraisals as well. That certain of these matters were considered is established by the Board's reference to Krauthamer's "long record of unsatisfactory work performance." If the consideration were properly limited to the three sustained instances, the demotion would be disproportionate, especially considering the treatment of other auditors.

The court finds that the penalty of demotion from senior to junior auditor was not arbitrary and capricious. Even disparate treatment, if proven, does not in itself establish that demotion will not promote the efficiency of the service. While a comparison with other penalties employed by an agency is one of the factors relevant to review of a given penalty, *see Douglas, supra,* it is only one of many, and mere unevenness of treatment, which Krauthamer has not conclusively shown, would not render a given penalty invalid. *Jones v. United States,* 617 F.2d 233, 238 (Ct.Cl. 1980). Another relevant factor is work history, *see Brewer,* 647 F.2d at 1098; *Douglas, supra,* and it was thus not an abuse of discretion for the Board to consider Krauthamer's long record of unsatisfactory performance, even though 20 of the specified instances were dismissed because of laches and the first ground of the notice had also been dismissed. There were instances of unsatisfactory performance introduced by the Agency as rebuttal to the disparate treatment charges, which were not considered by the Official "on the merits." In the court's view, such examples of unsatisfactory performance should not be considered as part of the employee's "past work record" under the *Douglas* factors, absent some finding or determination as part of a regular process. However, the performance ratings, training programs, and absence of in-grade increases are appropriate for consideration under *Douglas* as part of Krauthamer's record to be considered for the purpose of determining the propriety of the action to be taken with respect to the three instances that were established by the evidence.

By demoting Krauthamer from senior to junior auditor, the Agency has reduced the complexity of the tasks he is to perform and increased the level of supervision he will receive in his work. Given the three sustained instances and Krauthamer's work history, such a change in job level is clearly suited to promoting the efficiency of the Agency. Viewed in light of the relevant factors, the demotion was not an abuse of discretion, and, accordingly, this court will not substitute its judgment for that of the Agency.

Krauthamer's motion is denied. The Secretary's motion for summary judgment to dismiss the portion of the complaint seeking review of the Board's decision is granted. The case will proceed on the discrimination issue. The pretrial order having been submitted, the action will be placed on the trial calendar on May 10, 1984.

**IT IS SO ORDERED.**