824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Zell E. HUDSON, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 Appeal No. 87-3039.
 United States Court of Appeals, Federal Circuit.
 April 27, 1987.
 
 Before FRIEDMAN, NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board) sustaining the removal of petitioner from his position as a packer at the Naval Supply Center, Norfolk, Virginia, is affirmed.
 
 OPINION
 
 2
 Petitioner was removed from his position due to his physical inability to perform his job. The Department of Navy (agency), in lieu of removal, offered him a restructured position to accommodate his physical (back) condition which he refused. Representing himself, petitioner appealed to the MSPB, where the presiding official upheld the agency's removal. He then filed a petition for review to the full board claiming that his mental state rendered him incapable of deciding correctly on the reassignment offered by the agency or of adequately representing himself. The full board declined review on the basis that petitioner did not present medical documentation of his mental incapacity.
 
 
 3
 Petitioner then obtained counsel and appealed to this court claiming again that his mental condition caused him to decline the offer of reassignment, to his prejudice, and rendered him incapable of pro se representation. We held that the evidence gave rise to a substantial doubt that petitioner was capable of rational decisionmaking and remanded the case to the MPSB with instructions to hold a hearing at which petitioner, represented by counsel, would have the opportunity to establish whether he was mentally disabled. See Hudson v. Department of the Navy, No. 85-960 (Fed.Cir. August 15, 1985).
 
 
 4
 On remand, the presiding official concluded that petitioner failed to establish that he suffered from a mental disability which would have rendered him incapable of making a rational decision regarding the offer of reassignment. In denying the petition for review of this decision, the full board concluded that the presiding official correctly gave petitioner's psychiatric report[1] little probative value because it was based upon only one interview, did not indicate that it relied on any testing of petitioner, and found that petitioner did not appear to be grossly disturbed. The board also noted the 1980 Board of Veterans Appeals report, submitted by petitioner, stated that he did not exhibit signs of inappropriate or psychotic behavior and that he did not have an impairment in perception or thought process. Further, it said that the 1984 Western Tidewater Mental Health Center report indicated that petitioner displayed adequate decisionmaking and problem solving skills.
 
 
 5
 In this appeal, petitioner contends that the evidence presented below was sufficient to satisfy his burden of establishing mental disability by a preponderance of the evidence. This court's scope of review of the MSPB's decision, however, is defined and limited by statute. The decision must be affirmed unless it is found to be:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence....
 
 
 9
 5 U.S.C. Sec. 7703(c). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Under this standard of review, this court will not overturn an MSPB decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982) (quoting Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229 (1938)).
 
 
 10
 We conclude that the decision of the MSPB is supported by substantial evidence and affirm on the basis of the opinions of the presiding official and the full board.
 
 
 
 [1]
 The board did not err in refusing to consider Dr. Mostek's letter, which was written more than four months after the presiding official's remand decision. See 5 C.F.R. Sec. 1201.114