848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harry G. BAYNE, Donald A. Muncy, Winfree M. Courtney, Noble
E. Flenniken and Robert A. Reed, Petitioners,
v.
DEPARTMENT OF ENERGY, Respondent.
 No. 87-3545.
 United States Court of Appeals, Federal Circuit.
 May 4, 1988.
 
 Before FRIEDMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Five petitioners appeal a final decision of the Merit Systems Protection Board (board). 34 M.S.P.R. 439 (1987). In that decision the board affirmed the administrative judge's decision sustaining the validity of a RIF at the Department of Energy's Economic Regulatory Administration. The RIF resulted in the termination of the petitioners' employment. We affirm.
 
 OPINION
 
 2
 Petitioners contend the agency violated 5 C.F.R. Sec. 351.801(b) (1987) which requires "notice shall not be issued more than 90 days before release except with the prior approval of OPM." Where an agency violates procedures the agency's decision will be reversed where the employee shows there was harmful error. Shaw v. United States Postal Service, 697 F.2d 1078 (Fed.Cir.1983); 5 U.S.C. Sec. 7701(c)(2)(A) (1982); 5 C.F.R. Sec. 1201.56(b)(1) (1988).
 
 
 3
 Harmful error occurs where, in the absence or cure of the error, the agency would have been likely to reach a different result or where the procedures followed substantially impaired the rights to the employees. Brewer v. United States Postal Service, 647 F.2d 1093 (Fed.Cir.1981), cert. denied, 454 U.S. 1144 (1982); 5 C.F.R. Sec. 1201.56(c)(3) (1988). Harmful error is an affirmative defense and the appellant has the burden of proof by a preponderance of the evidence. 5 C.F.R. Sec. 1201.56(b)(1), (a)(2)(i), (c)(3) (1988). The alleged error is procedural since it relates only to the timing of the RIF notice. Therefore it is subject to the harmful error standard of review.
 
 
 4
 If OPM had not approved the extension the agency was prepared to implement the RIF within the original 90-day period. Therefore, in the absence or cure of the alleged error, it is not likely a different result would have been reached by the agency and the employees' rights were not substantially impaired. Accordingly, the petitioners have failed to meet their burden of proof of showing harmful error.
 
 
 5
 Since the petitioners have failed to show harmful error it is not necessary to determine whether the notice requirement was violated. Assuming without deciding that there was technical error in following the procedural regulations, the board's opinion is without harmful procedural or legal error, it is not arbitrary or capricious or an abuse of discretion, and it is supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). It is therefore unnecessary to reach other arguments raised by the parties.