16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Raymond RODRIGUEZ and Rhode Island Laborers' District
Council, Local Union 1056, Petitioners,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3239.
 United States Court of Appeals, Federal Circuit.
 Dec. 29, 1993.
 
 Before CLEVENGER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 Petitioners, Raymond Rodriguez and the Rhode Island Laborers' District Council, Local Union 1056, seek review of the February 3, 1993 decision of the arbitrator in Voluntary Labor Arbitration Tribunal case number 10-300-427-92. In her decision, the arbitrator sustained the action of the Department of Veterans Affairs (Agency) removing Mr. Rodriguez from his position as file clerk at the VA Medical Center in Providence, Rhode Island (Center), for deliberately attempting to destroy government property. We affirm.
 
 DISCUSSION
 
 2
 Mr. Rodriguez's duties as a file clerk included filing a large volume of medical record documents. Each document was identified by a number according to a filing system known as the "terminal digit system." Each file clerk at the Center was responsible for all of the medical record documents that came within his or her assigned range of terminal digit numbers. On June 22, 1992, an Agency police officer discovered what proved to be several thousand medical record documents in two large trash bags that had been placed near a building at the Center. Following an investigation, Agency officials concluded that a large portion of the discarded documents, as determined from the terminal digit numbers, were the responsibility of Mr. Rodriguez. The Agency further concluded that Mr. Rodriguez had intentionally discarded the documents in an effort to reduce his filing backlog. Consequently, the Agency removed Mr. Rodriguez for deliberately attempting to destroy government property. Pursuant to 5 U.S.C. Sec. 7121(e)(1) (1988), Mr. Rodriguez contested the Agency's removal action through arbitration rather than through an appeal to the Merit Systems Protection Board (MSPB). Following a hearing, the arbitrator decided that the Agency had acted with just cause in removing Mr. Rodriguez.
 
 
 3
 We review the arbitrator's decision under the same narrow standard that applies to appeals from the MSPB. 5 U.S.C. Sec. 712(f) (1988); Gunn v. Veterans Admin. Medical Center, 892 F.2d 1036, 1037 (Fed.Cir.1990). Thus, we affirm the arbitrator's decision unless it is
 
 
 4
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 5
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 6
 (3) unsupported by substantial evidence.
 
 
 7
 5 U.S.C. Sec. 7703(c) (1988). Petitioners' sole contention on appeal is that the arbitrator's finding that Mr. Rodriguez was responsible for the terminal digit numbers appearing on a portion of the discarded documents is not supported by substantial evidence in the official record.[1] We find this argument to be without merit.
 
 
 8
 Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), cert. denied, 454 U.S. 1144 (1982). In the present case, the evidence of record includes a Uniform Offense Report, prepared by the Agency police officer on June 25, 1992. The report is based in part on comments made by Mr. Rodriguez's supervisor, Suzanne Slack. The report states that of the discarded documents, those having "[terminal digit] numbers 0087-9999 were to be filed by Raymond Rodriguez." Joint Appendix at 12. The report also states that the discarded documents were "linked" to Mr. Rodriguez and another file clerk. Joint Appendix at 15.
 
 
 9
 In addition, the arbitrator's decision makes reference to what we consider to be an implied admission by Mr. Rodriguez, in the course of his testimony before the arbitrator, that he was responsible for a portion of the discarded documents:
 
 
 10
 Asked whether it seemed odd that he had not noticed nearly five thousand documents disappearing from his folder, Rodriguez said no, that he had been out for almost two months....
 
 
 11
 Arbitrator's Decision at 7. It may fairly be concluded, we believe, that had Mr. Rodriguez believed the documents were not ones for which he had been responsible, he would have said so, instead of answering the question as he did.[2]
 
 
 12
 The Uniform Offense Report and Mr. Rodriguez's testimony constitute substantial evidence in support of the arbitrator's finding that the terminal digit numbers corresponding to the discarded documents in question were assigned to Mr. Rodriguez. Accordingly, we must reject Mr. Rodriguez's contention that "there is simply no evidence that the documents found in the bags were ever Rodriguez's responsibility."
 
 
 
 [1]
 On appeal Mr. Rodriguez does not argue that removal is an inappropriate penalty if the arbitrator's decision is supported by substantial evidence
 
 
 [2]
 Moreover, as the arbitrator noted, "[i]n the spring of 1992 [Mr. Rodriguez] was present for all but a few scattered days." Arbitrator's Decision at 12. It is fair to note that the glaring discrepancy between Mr. Rodriguez's testimony and his actual attendance record served to undermine Mr. Rodriguez's credibility