31 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark W. BEDINGFIELD, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 94-3166.
 United States Court of Appeals, Federal Circuit.
 July 15, 1994.
 
 Before MICHEL and LOURIE, Circuit Judges, and CARMAN*, Judge.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Mark W. Bedingfield petitions for review of the December 14, 1993 decision of the Merit Systems Protection Board dismissing for lack of jurisdiction his appeal contesting the Department of Agriculture's failure to afford him priority consideration for restoration following his recovery from a compensable injury. Bedingfield v. Department of Agriculture, Docket No. DC-3443-93-0516-I-1 (Dec. 14, 1993). We vacate and remand.
 
 DISCUSSION
 
 2
 Bedingfield was employed by the Department of Agriculture (agency) from November 1, 1986 to May 5, 1989 in a "Schedule C" position[1] as a Staff Assistant to the Assistant Secretary for Governmental and Public Affairs. Bedingfield's personnel records indicate that he resigned, effective May 5, 1989, and that the reason for his resignation was "involuntary separation due to ch[ange] in administration." On December 15, 1992, Bedingfield sought reinstatement with the agency under the Federal Employees Compensation Act. See 5 U.S.C. Sec. 8151(b)(2) (1988)[2]; 5 C.F.R. Sec. 353.303 (1993). He based his argument for reinstatement on the fact that, while employed with the agency, he experienced a recurrence of an injury he sustained during his previous employment with the Commission on the Bicentennial of the U.S. Constitution.[3] Stating that Bedingfield was not terminated because of a work-related injury or because he could not perform the duties of the position, the agency concluded that he was not eligible for reinstatement.
 
 
 3
 On June 7, 1993, Bedingfield filed an appeal with the board, contesting the agency's failure to afford him priority consideration for restoration following his recovery from a compensable injury. While Bedingfield's personnel records reflect that he was separated because he resigned from the federal service, and that his resignation was an involuntary separation due to a change in administration, Bedingfield alleged that he left his job because of a compensable injury, that his resignation was forced by the agency, and that he was the victim of discrimination. The agency moved to dismiss the appeal for lack of jurisdiction.
 
 
 4
 The administrative judge (AJ) found that Bedingfield had offered no evidence to support his allegation that he had been separated from federal service as a result of a compensable injury. See 5 C.F.R. Sec. 302.103 (1993). Thus, the AJ determined that the board lacked jurisdiction over his appeal under 5 C.F.R. Sec. 1201.3. The AJ further opined that, even if Bedingfield had challenged his separation at the time it occurred, the board would not have had jurisdiction over his appeal by virtue of Bedingfield's status as a Schedule C employee. Finally, the AJ concluded that Bedingfield's allegation of discrimination could not provide an independent source of board jurisdiction. See Cruz v. Department of the Navy, 934 F.2d 1240, 1246-48 (Fed.Cir.1991) (discriminatory acts are not in themselves agency actions appealable to the board). Concluding that there was no jurisdictional basis to support Bedingfield's appeal, the AJ granted the agency's motion to dismiss. The initial decision of the AJ became the final decision of the board when it denied review on December 14, 1993. See 5 C.F.R. Sec. 1201.113 (1993). Bedingfield now petitions this court for review.
 
 
 5
 When the board dismisses a case for lack of jurisdiction, we have jurisdiction to determine whether the jurisdictional ruling of the board was correct. Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). We review that decision for correctness as a matter of law. See 5 U.S.C. Sec. 7703 (1988). Petitioner bears the burden of establishing the board's jurisdiction. Maddox, 759 F.2d at 10; 5 C.F.R. Sec. 1201.56(a)(2)(i) (1993).
 
 
 6
 As we noted in Spruill v. Merit Sys. Protection Bd., 978 F.2d 679 (Fed.Cir.1992), subject matter jurisdiction, the power of the board to hear and decide a case, can be confused with the ultimate question whether a claimant is entitled to relief, i.e., whether a cause of action has been stated in the complaint and later proved. Id. at 686. Such confusion occurred here when the board stated that Bedingfield's failure to prove that he was entitled to restoration meant that the board lacked jurisdiction over his appeal.
 
 
 7
 The board has jurisdiction over appeals when appeal is provided for under any law, rule, or regulation. 5 U.S.C. Sec. 7701(a) (1988); 5 C.F.R. Sec. 1201.3(a) (1993). Such actions include "[f]ailure to restore a former employee to employment ... following partial or full recovery from a compensable injury," see 5 C.F.R. Sec. 1201.3(a)(12), and "[e]mployment of another applicant when the person who wishes to appeal to the Board is entitled to priority employment consideration ... after partial or full recovery from a compensable injury," see 5 C.F.R. Sec. 1201.3(a)(13). Thus, if a petitioner's allegations state a cause of action based on such a regulation, the board has subject matter jurisdiction to decide whether the facts warrant the relief requested. Spruill, 978 F.2d at 687-88; accord Ralston Steel Corp. v. United States, 340 F.2d 663, 667-68 (Ct.Cl.), cert. denied, 381 U.S. 950 (1965) ("Where an Act of Congress ... or an executive regulation ... arguably confers such rights [to relief] upon the claimant, the court will assume jurisdiction and decide his case on the merits, even though the defendant may ultimately prevail.") (citations omitted).
 
 
 8
 In Spruill, this court referred to a set of facts according to which a petitioner before the board alleged that he had been wrongly terminated from federal employment. The government proved that the petitioner voluntarily resigned; thus, there was no wrongful termination. We stated: "[O]bviously the [board] had jurisdiction to hear and decide the case. The failure was simply petitioner's inability to establish a key factual element of his cause of action. The [board] correctly concluded that it could not grant relief on those facts, but it was not for lack of jurisdiction." 978 F.2d at 688. The present case is essentially indistinguishable. Bedingfield asserted before the board that he was entitled to restoration because, inter alia, he was forced to resign due to a compensable injury. The government argued that he was separated due to a change in administration. This raised a question of fact affecting entitlement to restoration, and the board clearly had subject matter jurisdiction over an appeal of a restoration action. See 5 C.F.R. Sec. 1201.3(12), (13). If Bedingfield failed to prove the requisite facts to support such a claim, that simply means that he was not entitled to the relief he sought, not that the board lacked subject matter jurisdiction. See Spruill, 978 F.2d at 687.
 
 
 9
 On the merits, Bedingfield argues that the board erred in finding that he failed to show that he was separated due to a compensable injury. However, the board considered Bedingfield's allegation that he was forced to resign because of the recurrence of a previous injury and determined that it was not supported by any evidence. Moreover, Bedingfield's personnel records showing that he resigned because of a change in administration constitute substantial evidence supporting the board's finding. See 5 U.S.C. Sec. 7703 (1988) (board findings are reviewed for support by substantial evidence); Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982) (this court will not overturn the board's decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Thus, the board did not err in denying Bedingfield relief.
 
 
 10
 Bedingfield also argues that his Schedule C status does not deprive him of the restoration rights set forth in 5 U.S.C. Sec. 8151(b). He cites as erroneous the board's statement that "even if [Bedingfield] had challenged his separation at the time it occurred, the board would not have had jurisdiction over his appeal [by virtue of his Schedule C status]." Bedingfield's argument is unavailing. Even if his Schedule C status would not have deprived him of a right of appeal, his appeal for restoration would fail since he did not prove that he was separated because of a compensable injury.
 
 
 11
 The board dismissed the appeal for lack of jurisdiction, which we have concluded was technically incorrect. However, since we have also concluded based on the record that the board did not err in finding that Bedingfield failed to prove entitlement to restoration, we remand this case with instructions that the board affirm the action of the agency in a manner consistent with this opinion.
 
 COSTS
 
 12
 No costs.
 
 
 
 *
 Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation
 
 
 [1]
 "Schedule C" positions are of a policy determining nature or involve a close and confidential working relationship with the key appointing official. 5 C.F.R. Sec. 213.3301 (1993); see 5 U.S.C. Sec. 7511(b)(2) (1988)
 
 
 [2]
 5 U.S.C. Sec. 8151(b)(2) (1988) provides:
 (b) Under regulations issued by the Office of Personnel Management--
 * * *
 (2) the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency.
 
 
 [3]
 From May 5, 1989 to December 13, 1992, Bedingfield received worker's compensation for work-related injuries. It was after his compensation benefits were terminated that he sought restoration with the agency