45 F.3d 442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard SATORNINO, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 94-3471.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1994.
 
 Before MAYER, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Satornino seeks review of the February 22, 1994, initial decision of an Administrative Judge (AJ), Docket No. AT-0752-94-0073-I-1, which affirmed the action of the Department of Veterans Affairs (agency) removing Satornino from his position as a Medical Clerk effective October 8, 1993, for willful falsification of official government records in violation of 18 U.S.C. Sec. 1001 (1988) and receipt of treatment from the agency for which he was not eligible.* Because the findings of the AJ are supported by substantial evidence and the penalty was not unreasonable, we affirm.
 
 
 2
 Satornino argues that the AJ erred in sustaining the agency because the agency failed to prove by preponderant evidence that Satornino willfully falsified official government records and improperly received treatment at the outpatient clinic where he was employed.
 
 
 3
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). We will not overturn an agency decision if supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 4
 A charge of falsification of government documents requires proof not only that the employee knowingly supplied incorrect information, but also that the employee did so with the intent to deceive or mislead the agency. Naekel v. Department of Transportation, 782 F.2d 975, 977 (Fed.Cir.1986). Satornino's intent to deceive the agency is a question of fact which we review under the substantial evidence standard. Jackson v. Veterans Admin., 768 F.2d 1325, 1329 (Fed.Cir.1985). The AJ addressed the issue of Satornino's intent and discredited his assertion that he did not intentionally provide false information because, inter alia, it was internally inconsistent and conflicted with other, more credible evidence. For example, the AJ rejected the testimony of Satornino and his family about his reasons for not reporting his wife's income on his Means Test form because it was inconsistent with the testimony of other, more credible witnesses and with portions of Satornino's own testimony. The AJ's determination of intent is supported by substantial evidence. Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987). The AJ carefully weighed all of the evidence and made the credibility determinations that were within her province. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985). Thus, we uphold the AJ's finding that Satornino willfully falsified official government records as supported by substantial evidence.
 
 
 5
 As for the charge of receipt of treatment for which Satornino was not eligible, the AJ found that he made approximately sixty visits to the outpatient clinic from 1990 to 1993 without making any payments, and that he obtained numerous prescriptions and paid only a $2 copayment prior to March 1993 and none after that date. Were it not for the changes that Satornino made in his Means Test form, he would have been classified as a Category C veteran, who must make a copayment for pharmaceutical services and to whom the outpatient clinic is available only on a discretionary basis. As a result, we are of the view that the AJ's finding that Satornino received treatment to which he was not entitled is supported by substantial evidence.
 
 
 6
 Satornino also challenges the penalty of removal. Contrary to his assertions, however, the AJ thoroughly weighed Satornino's lack of a previous disciplinary record, apparently satisfactory work record, and nine years of government service against the fact that Satornino willfully falsified government records; held a position as a medical clerk in which he was to ensure the accuracy of the Means Test form; and received benefits to which he was not entitled at a cost to the agency of over $7000. After considering all of these factors, the AJ concluded that Satornino's length of service and lack of other disciplinary problems did not outweigh the seriousness of the sustained charges. Thus, the AJ found that the agency had shown that the removal promoted the efficiency of the service as required by 5 U.S.C. Sec. 7513(a) (1988). Our review of an agency's penalty is highly deferential: we must defer to the agency's choice unless it is so disproportionate to the offense that it constitutes an abuse of discretion. Dewitt v. Department of Navy, 747 F.2d 1442, 1444-45 (Fed.Cir.1984). Under this standard, we agree with the board that Satornino's actions supported removal as within the discretion of the agency because it was not disproportionate.
 
 
 
 *
 The AJ's decision became the final decision of the Merit Systems Protection Board (board) on June 6, 1994, when it denied review of the AJ's initial decision on the grounds that Satornino's petition for review did not meet the criteria set forth at 5 C.F.R. Sec. 1201.115 (1994)