**Larry W. SMALL, Petitioner,**

v.

**DEPARTMENT OF THE
NAVY, Respondent.**

**No. 01–3365.**

United States Court of Appeals,
Federal Circuit.

DECIDED: July 11, 2002.

Before NEWMAN, MICHEL, and
PROST, Circuit Judges.

PER CURIAM.

Larry W. Small ("Small") appeals the
decision of the Merit Systems Protection
Board ("Board") dated November 17, 2000,
which, on July 11, 2001, became the final
decision of the Board. The decision up-
held the Department of Navy's ("Navy" or
"Agency") denial of Small's Veterans Em-
ployment Opportunity Act ("VEOA"), 112
Stat. 3182 (1998), preference claim, finding
that the Agency did not violate the VEOA.
Because the Board's decision is supported
by substantial evidence, we *affirm.*

I

On August 2, 1999, the Navy issued a
vacancy announcement for a General Engi-
neer position for Wallops Island, VA.
Small applied for this position, and the
Agency preliminarily determined that

Small had met the basic qualification requirements for General Engineer. Based upon that preliminary review, Small was identified as the top applicant and selected for one of the available positions. The Agency then conducted a full evaluation of the applicants. During the full review, it was discovered that Small failed to meet the education requirements for the position. The Agency then removed Small from the selection certificate.

Small filed a veterans preference claim under the VEOA with the Department of Labor ("DOL") alleging that the Navy violated the VEOA when it found him non-qualified for the position. The assistant director of the Veteran's Employment and Training Service ("VETS") of DOL sent Small a letter closing the claim with DOL, without action, because Small stated his intention to file an appeal with the Board, which he did on August 24, 2000.

On November 17, 2000, the administrative judge ("AJ") issued an Initial Decision holding that Small did not establish a violation of VEOA. *See Small v. Dep't of the Navy*, DC–3443–00–0771–I–1, 90 M.S.P.R. 30 (Initial Decision, Nov. 17, 2000). Small petitioned the full Board for review, alleging that the AJ committed several substantive and procedural errors when she issued her Initial Decision. On July 11, 2001, the full Board denied the Petition for Review, and the AJ's Initial Decision became final. Small appealed. We have jurisdiction pursuant to 28 U.S.C § 1295(a)(9).

## II

Our review of Board decisions is limited. Indeed, we will affirm a Board decision unless, *e.g.*, it is "unsupported by substantial evidence." 5 U.S.C. § 7703(c). That is, a Board decision will not be overturned if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Serv.*, 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (1981). Such is the case before us. Because substantial evidence supports the AJ's finding that the Agency did not violate the VEOA, we affirm the Board decision.

As the AJ correctly notes, the VEOA prohibits an agency from denying a preference eligible or veteran the opportunity to compete. *See* 5 U.S.C. § 3304(f) (1998) ("Preference eligibles or veterans ... may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures".). Thus, while the VEOA provides preference eligibles or veterans the opportunity to compete, it does not provide that such an applicant will be considered eligible for positions for which he is not qualified. *See Ramsey v. Office of Pers. Mgmt.*, 87 M.S.P.R. 98, 102 (2000).

Here, Small was not denied an opportunity to compete for the position; rather his application was received and reviewed. Accordingly, substantial evidence supports the AJ's decision that Small cannot show that the Agency violated the VEOA by prohibiting him from competing for the position of General Engineer.

Small separately asserts that the AJ made several substantive and procedural errors. He first contends that the AJ mischaracterized his appeal as one based on the failure of the Agency to find him qualified for selection for the position of General Engineer, GS 0801–13. Small's argument appears to be that the Agency violated the VEOA by not considering his service experience in determining his qualification for the position of General Engineer. However, as explained above, the VEOA only provides that a preference eligible or veteran cannot be excluded from

competing for various positions, not that he must be considered qualified for those positions. And here the Agency permitted Small to compete for the position. Thus, even if the AJ did slightly mischaracterize Small's appeal[1] it was harmless error.

Small next argues that the AJ erred procedurally in not permitting his witnesses to testify as to his experience and in "ignor[ing]" Small's submission detailing his performance capability for the position of General Engineer. We review procedural decisions under an abuse of discretion standard. *See Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir. 1988). As illustrated above, Small's experience level was not relevant to the AJ's decision, as she was merely determining whether he had been given the opportunity to compete as required under the VEOA. We cannot say that the AJ abused her discretion in excluding or ignoring irrelevant evidence. *See* 5 C.F.R. § 1201.41(b); *Marques v. Dep't of Health and Human Servs.*, 22 M.S.P.R. 129, 133 (1984) ("A presiding official may exclude evidence if it is irrelevant."). Accordingly, we see no reversible error in the AJ's disposition of this evidence.

Last, Small argues that the AJ erred in granting the Agency an extension of time without giving him the opportunity to object. However, "[AJs], in their discretion, may grant or deny motions for extensions of time to file pleadings without providing any opportunity to respond to the motions." 5 C.F.R. § 1201.55(b). And Small offers no explanation as to how the AJ abused her discretion by thus granting the Agency's motion for an extension of time. Accordingly, we discern no error.

---

1. We need not determine whether the AJ mischaracterized Small's appeal, as it is irrelevant to determining whether the Agency violated the VEOA.