**Barbara A. FORMBY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3195.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 13, 2004.

Rehearing Denied Oct. 29, 2004.

Barbara A. Formby, of Counsel, Warner Robbins, GA, for Petitioner.

Richard P. Schroeder, Principal Attorney, William F. Ryan, David M. Cohen, Melanie Watson, of Counsel, Washington, DC, for Respondent.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

## DECISION

PER CURIAM.

Barbara A. Formby petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining the decision of the Office of Personnel Management ("OPM" or "agency") adjusting her survivor annuity to eliminate credit for the post–1956 military service of her deceased spouse, Bobby R. Formby. *Formby v. Office of Personnel Management,* No. AT–0831–03–0266–I–1, 95 M.S.P.R. 577, 2004 WL 231911 (M.S.P.B. Jan. 30, 2004) (*"Final Decision"*). We *affirm.*

## DISCUSSION

### I

Ms. Formby's husband was in military service for a period of nearly twenty years, from September 6, 1957 until August 19, 1977. He then was in civilian service with the federal government for a period of approximately five years. He died January 1, 1984. As the surviving spouse of a federal employee, Ms. Formby is entitled to a survivor annuity benefit. It is the calculation of that benefit that is the subject of this appeal.

Under Public Law 97–253 (the Omnibus Budget Reconciliation Act of 1982), a civil service annuitant, or his or her surviving spouse, may receive credit for any post–

1956 active-duty military service completed by the annuitant. However, this credit may be received only if the annuitant, or his or her surviving spouse, submits a deposit equal to seven percent of the annuitant's basic pay or estimated earnings for the period of military service performed after 1956, plus interest. If this deposit is not submitted, when the annuitant, or his or her surviving spouse, reaches the age at which he or she can receive Social Security benefits, his or her federal civil service annuity payment must be recalculated to exclude the amount of the credit for the post–1956 military service.

Given the extensive post–1956 military service of her late husband, Ms. Formby was one of those affected by this law. OPM so notified her on October 14, 1991. By letter, OPM informed Ms. Formby that if she did not pay the deposit, it would "reduce [her] civil service annuity by excluding credit for this post–1956 military service." The letter explained in detail the requirements of Public Law 97–253. On November 4, 1991, Ms. Formby responded in a letter indicating that, "[s]ince Public Law 27–253[sic] was passed in 1982, two years before my husband passed away, and I made repeated attempts to find out why my husband's military service was not used when figuring my Postal Service annuity, I do not feel I should have to pay the 7 percent deposit and certainly not the interest."

In letters dated January 17, 1992 and March 3, 1992, OPM provided Ms. Formby with its estimate of $12,504.33 as the amount due for the post–1956 military service deposit; the sum was computed using records of Mr. Formby's basic pay in the Marine Corps. In these letters, OPM again reminded Ms. Formby of the consequences of failing to make a timely deposit: "As you are aware, you are eligible to make a deposit of 7 percent plus interest, of these earnings to avoid a reduction of your civil service survivor annuity.... Please note, you will not have another opportunity to pay this deposit to cover your late spouse's post–1956 military service." The thirty-day deadline for the agency's receipt of the deposit passed without Ms. Formby submitting the required amount.

Ten years later, in 2002, Ms. Formby became eligible for Social Security benefits. At that time, OPM notified her that it would not be including credit for Mr. Formby's post–1956 military service in her survivor annuity. OPM stated: "Our records show that Bobby R. Formby was given the opportunity to make this deposit, but elected not to do so." It thus computed Ms. Formby's survivor annuity at a lower rate. Ms. Formby requested reconsideration of the agency's decision. On December 9, 2002, OPM affirmed its initial decision, restating its view that Ms. Formby had been adequately provided with the opportunity to make the deposit, but had simply elected not to do so.

Ms. Formby then appealed to the Board. Before the administrative judge ("AJ") to whom the case was assigned, she testified that, despite receiving OPM's three letters, "she was 'never apprised' [sic] of the process and that 'no one ever explained' how she should go about receiving credit for this military service or the ramifications for nonpayment of the 7% deposit." *Formby v. Office of Personnel Management*, No. AT–0831–03–0266–I–1 (M.S.P.B. Mar. 31, 2003) (*"Initial Decision"*). She also testified that "she simply did not have the money to make the deposit within the 30–day deadline specified by OPM." *Id.* at 10. After balancing Ms. Formby's testimony against the three letters sent by OPM, the AJ concluded in the initial decision that "OPM more than adequately informed the appellant of her duties and

responsibilities regarding receipt of credit for the post–1956 military service of her deceased spouse in her survivor annuity." *Id.* He went on to find that "the reason the appellant failed to make the deposit was not because she did not understand the processes and procedures as she has claimed, but rather, because she simply did not have the money necessary to make the deposit. . . ." *Id.*

After the AJ's initial decision became the final decision of the Board on January 30, 2004, *Final Decision* at 2, 2004 WL 231911, Ms. Formby filed an appeal with this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). We will affirm the factual findings of the Board so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Serv.*, 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

The standard for reversal has not been met in this case. Having reviewed the decision of the Board, we see no error in its ruling affirming OPM's calculation of Ms. Formby's survivor annuity. Under the applicable statutory provisions, 5 U.S.C. § 8332(j) and § 8334(j)(1), OPM was required to recompute Ms. Formby's annuity to exclude the credit for Mr. Formby's post–1956 military service after she failed to submit the required seven percent deposit. As the record indicates, Ms. Formby received multiple written notices from the agency regarding her rights and obligation under Public Law 97–253; she had ample opportunity to submit the funds necessary to secure the military credit. The AJ correctly noted that Ms. Formby was aware of the deposit requirement, but still declined to participate despite the consequences set forth in OPM's letters.

Applying our limited standard of review, we cannot say that the Board, in its affirmance of OPM's decision, abused its discretion or applied the incorrect law. Its decision was supported by substantial evidence. Accordingly, we *affirm*.