NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3130

PATRICIA A. CREPEAU,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

Patricia A. Crepeau, of Burke, Virginia, pro se.

Meredyth D. Cohen, Attorney, Commercial Litigation Branch, Civil Division,  United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3130

PATRICIA A. CREPEAU,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED: July 12, 2007

_____

Before RADER, BRYSON, and MOORE, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board affirmed the Department of Labor's action to suspend Ms. Crepeau for 25 days. Because substantial evidence supports the final decision of the Board, this court affirms.

I

Ms. Crepeau is a GS-0201-11 Human Resources Specialist in the Department of Labor's Employment Standards Administration, Wage and Hour Division. She was suspended for 25 days for removing her co-worker's property without authorization despite the fact that she was warned not to touch anything that did not belong to her.

On Friday, March 10, 2006, after her co-workers had all left for the day, Ms. Crepeau removed a fan belonging to her co-worker Mr. Gary Lechman. Ms. Crepeau

was seen taking the fan by the office cleaning contractors. Ms. Crepeau admitted taking the fan, but argues that it was not technically in Mr. Lechman's cubicle since it was also resting on a common file cabinet. She claimed that she moved what she believed to be an abandoned fan to keep the work area uncluttered and to prevent "hoarding."

II

This court must affirm any agency action, findings, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

The Board discounted Ms. Crepeau's testimony that she did not know the fan at issue belonged to another employee. The Board noted her diligence in monitoring the upkeep of her office environment and her continued efforts to prevent "hoarding." Furthermore, the Board noted that she made no effort to inquire about the fan's owner. Moreover, she removed the fan late in the evening after all of her coworkers had left the office. She also moved the fan, according to the Board, to another floor to prevent detection. The Board's findings supply substantial evidence for its conclusions that Ms. Crepeau knew that the fan belonged to another employee and knew that it was wrong to remove the item. The Board determined that the agency's evidence "overwhelmingly" proved the charge that Ms. Crepeau removed a co-worker's property without authorization.

The record also supports the conclusion that Ms. Crepeau did not follow instructions. Ms. Crepeau had received numerous instructions to avoid "bothering her co-workers things." After several incidents, she was explicitly told not to "touch anything that did not belong to her." Specifically, a staff meeting on June 27, 2005, followed by an email on June 29, 2005, both addressed the importance of not removing the personal belongings of others and respecting coworkers and the workspace of others. Additionally, witnesses testified that the appellant received numerous private instructions on these very same issues.

This court does not engage in de novo review of the Board's factual findings. Instead this court examines the record for "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The record contains such evidence in this case. Accordingly, this court affirms.