**Carl BREWER, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**Appeal No. 9–79.**

United States Court of Claims.

April 22, 1981.

William M. Pace, Aberdeen, Miss., attorney of record, for petitioner.

Benjamin F. Wilson, with whom was Acting Asst. Atty. Gen., Thomas S. Martin, Washington, D. C., for respondent; Stephen

E. Alpern, Washington, D. C., Wyneva Johnson, Greenwood, Miss., of counsel.

Before FRIEDMAN, Chief Judge, COWEN, Senior Judge, and KASHIWA, Judge.

OPINION

COWEN, Senior Judge:

Petitioner, a former United States Postal Service employee, was removed by the Postal Service from his position on the grounds that he falsified another employee's time cards and removed a piece of third class mail from the post office in violation of the Postal Service Manual. He requests review of the Merit Systems Protection Board's decision affirming his removal and seeks back pay, reinstatement to the service, and related benefits.[1]

We hold that the decision of the Merit Systems Protection Board is supported by substantial evidence and without procedural error. We have also concluded that the penalty of removal is not so disproportionate to the offenses charged as to constitute an abuse of discretion. Therefore, we affirm the decision of the Board.

I.

At the time of his removal, petitioner, Carl Brewer, was Superintendent of Postal Operations at the United States Post Office in Starkville, Mississippi. His responsibilities included certifying the time cards of Clerk Martha Harpole, who was the designated timekeeper for the other employees at the post office. Mr. Brewer had served over 27 years as a Government employee, 25 of those years with the Postal Service, and lacked approximately 19 months of service to be eligible for his annuity.

Petitioner received notice of the proposed adverse action dated May 24, 1979, charging him with (1) making false entries on the time card of Clerk Harpole; (2) removing a piece of third class bulk rate mail from the post office; and (3) concealing a money

shortage in the account of another clerk, all in violation of cited regulations in the Postal Service Manual.[2] Mr. Brewer's removal from the Postal Service, based on these three charges, became effective on July 24, 1979. He appealed and requested a hearing before the Merit Systems Protection Board. At the hearing, held on September 25, 1979, the Postal Service submitted four affidavits signed by Mr. Brewer in August 1978. These affidavits summarized Mr. Brewer's responses to questioning by Postal Service inspectors who had been investigating reported irregularities at the Starkville post office. In two affidavits, Mr. Brewer admitted having made entries on Mrs. Harpole's time cards knowing that the entries were not correct. In another, he admitted taking a piece of undeliverable third class mail home with him.

On June 8, 1979, after he had been given notice on May 24, 1979, of the proposed removal action, petitioner made and submitted an affidavit stating that the entries on the time cards were false only in a technical sense, because only a few minutes were involved and none of the entries were intended to be false.

At the hearing, Mr. Brewer testified that the affidavits he had made in August 1978 were true statements and that he would have refused to sign them if they were not correct. However, he also testified that the false entries were unintentionally incorrect by only a few minutes, and that he never willfully made false entries. Two postal inspectors involved in the investigation of the Starkville Post Office testified at the hearing, and the Board had available an investigative memorandum written by one of the inspectors, who described his observation of events at the post office and the subsequent investigation of Mr. Brewer.

In its initial opinion, dated October 24, 1979, the Merit Systems Protection Board determined that charges (1) and (2) were sustained by a preponderance of the evi-

---

1. See Part IV regarding petitioner's claim for back pay and reinstatement.

2. The Merit Systems Protection Board determined that the third charge was not sustained by the necessary preponderance of the evidence. That charge is not at issue here.

dence and affirmed the removal action. The Board's decision became final on November 28, 1979, and petitioner timely filed his petition for review in this court. 5 U.S.C. § 7703(b)(1).

## II.

This case is the first review by this court of a decision of the Merit Systems Protection Board under the Civil Service Reform Act of 1978. Pub.L.No.95–454, 92 Stat. 1111 (1978) (codified in scattered sections of 5, 10, 15, 28, 31, 38, 39 and 42 U.S.C.). That Act directs the Court of Claims to:

> * * * review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
>
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence; * * * [5 U.S.C. § 7703(c).]

### A.

Petitioner contends that the decision of the Board sustaining charge (1) was not supported by substantial evidence. He asserts that the "Postal Service tendered no direct evidence that any time card entry for Clerk Harpole was willfully false and refused to specify to the [petitioner] or at the hearing that any particular entry was false." After a review of the evidence offered at the hearing by both parties, we reject this argument.

■ Under the statutory standard of review, the court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938).

In determining whether the Board's decision is supported by substantial evidence,

the standard is not what the court would believe on a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole. *Pascal v. United States*, 211 Ct.Cl. 183, 188, 543 F.2d 1284, 1287 (1976).

■ Here, the Board based its decision on charge (1) on affidavits made by petitioner on August 9, and August 10, 1978, after he had been given a written (*Miranda*) warning and had signed a waiver of his rights. The Board also relied upon the Postal Inspector's corroborating investigative memorandum. Under these circumstances, the Board, as a trier of the facts, had the right to judge the credibility of the witnesses and to reject Mr. Brewer's explanation that the entries were only technically false and not intentionally made. Since his explanation was made long after his affidavits of August 1978, and after the removal action had been taken by the Postal Service, the Board could reasonably conclude that charge (1) should be sustained.[3] *Alers v. United States*, 224 Ct.Cl. ——, 633 F.2d 559 (1980).

### B.

Petitioner further contends that several procedural errors require this court to set aside the decision of the Board. Specifically, petitioner argues that:

1. The Postal Service failed to inform him which specific time card entries were false.

2. The Postal Service failed to furnish all written statements and reports made by the inspectors regarding Mr. Brewer.

3. The Postal Service failed to produce at the hearing the Postal Service employees upon whom the inspectors relied for information.

4. The Postal Service failed to provide certain regulations pertaining to manual entries on time cards.

5. Postal Inspector George L. Hughes' testimony as to the basis for the investigation was hearsay.

---

**3.** Although petitioner does not specifically argue that the second charge should be set aside for lack of substantial evidence, the affidavit in which petitioner admitted removing the piece of mail from the post office supports the decision of the Board on that charge.

We find these contentions to be without merit.

Prior to the effective date of the Civil Service Reform Act, agencies were required by statute to state "any and all reasons" for a proposed adverse action "specifically and in detail." 5 U.S.C. § 7512(b)(1) (1976) (repealed 1978). The 1978 Act changed that requirement to "30 days' advance written notice * * * stating the specific reasons for the proposed action." 5 U.S.C. § 7513(b)(1) (Supp. III 1979). Congress thus intended to reduce the degree of detail required in order for the agency to avoid reversal on procedural grounds. S.Rep.No.969, 95th Cong., 2d Sess. 50, *reprinted in* [1978] U.S. Code Cong. & Ad.News 2723, 2772. The agency, however, is still required to state "the reasons for the proposed action in sufficient detail to allow the employee to make an informed reply." *Id.*

■ In the notice of the proposed adverse action, Mr. Brewer was charged with making false entries on Clerk Harpole's time cards in violation of specifically cited sections of the Postal Service manual. The basis for this charge was his admission in the two affidavits of August 1978. No greater specificity was required to apprise petitioner of the nature of the charges against him. *Connelly v. Nitze,* 401 F.2d 416, 424 (D.C.Cir.1968). Contrary to petitioner's contentions, he was not required to assume the burden of proving that all of Clerk Harpole's time cards were accurate. The Board recognized and followed the statutory requirement that the employing agency has the burden of proof in cases involving employee misconduct. 5 U.S.C. § 7701; see S.Rep.No.969, 95th Cong., 2d Sess. 55, *reprinted in* [1978] U.S.Code Cong. & Ad.News, 2723, 2777; H.Conf.Rep.No. 1717, 95th Cong., 2d Sess. 138, *reprinted in* [1978] U.S.Code Cong. & Ad.News 2723, 2860, 2872. The Board determined that the Postal Service had met that burden, and as noted above, the court finds substantial evidence to support that conclusion.

■ In enacting the Civil Service Reform Act of 1978, Congress declared that this court should reverse agency actions for procedural error "only if the procedures followed substantially impaired the rights of the employees." S.Rep.No.969, 95th Cong., 2d Sess. 64, *reprinted in* [1978] U.S.Code Cong. & Ad.News 2723, 2786. Accordingly, the failure of the Postal Service to provide "all written statements, or reports of any kind" made by the Postal Service inspectors regarding Mr. Brewer does not warrant a reversal of the Board's decision. The Postal Service provided petitioner a copy of the investigative memorandum later introduced at the hearing.

■ The answer to petitioner's allegation that the Postal Service failed to call certain Postal Service employees as witnesses, is that petitioner himself failed to request the presence of these witnesses. Also, the hearing examiner stated at the hearing that he would give no consideration whatsoever to any complaint other employees may have had about Mr. Brewer or Clerk Harpole. The statements of these employees were not considered by the Board in making its determination. Consequently, on this point, we find there was no procedural error which substantially impaired petitioner's right.

■ Petitioner's contention regarding the failure of the Postal Service to provide certain regulations is likewise without merit. The charges against petitioner, as well as the basis for those charges, were clearly stated in the notice of proposed adverse action, and the agency provided copies of the regulations referred to in that notice. Petitioner argues the Postal Service failed to provide regulations showing that it was proper for him to make manual entries on another employee's time card. However, petitioner was charged with *falsifying* another employee's time cards, not simply with making manual entries. Thus, the regulations petitioner sought were irrelevant to the charges he faced.

■ Petitioner's objection to the inspector's hearsay testimony is also of no avail. Hearsay is admissible in an administrative hearing and may even constitute substantial evidence to support an administrative

determination. *Richardson v. Peralez*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Fairfield Scientific Corp. v. United States*, 222 Ct.Cl. ——, ——, 611 F.2d 854, 859 (1979); *Reil v. United States*, 197 Ct.Cl. 542, 547–48, 456 F.2d 777, 780 (1972). Even so, the hearing officer here based his decision on other evidence we have determined to be substantial and did not need to rely on hearsay testimony.

### C.

■ Finally, the petitioner contends that the penalty of removal is so "outrageously disproportionate" to the offenses charged that it constitutes an abuse of discretion and should not be allowed to stand. This contention is one which we examine with particular care in the light of our previous decisions involving the same question, because petitioner had 27 years of Government service and would have been eligible for a Civil Service annuity had he remained in service for another 19 months.

We have said that we will defer to the judgment of the agency as to the appropriate penalty for employee misconduct, unless its severity appears totally unwarranted in the light of such factors as the range of permissible punishment specified by statute or regulation, the disciplined party's job level and nature, his record of past performance, the connection between his job and the improper conduct charges, and the strength of the proof that the conduct occurred. *Giles v. United States*, 213 Ct.Cl. 602, 608, 553 F.2d 647, 650–51 (1977).

■ As Superintendent of Postal Operations, Mr. Brewer occupied a responsible managerial position with the Postal Service. He had a position requiring a high degree of honesty and integrity. The Postal Service had a right to expect that he would set an example for other employees by obeying the regulations set forth in the Postal Manual. The Postal Service also had a right to expect from him a higher standard of conduct than from a lower level employee and to take into account the reaction of other employees regarding any misconduct by

him. *Hoover v. United States*, 206 Ct.Cl. 640, 648–49, 513 F.2d 603, 607–08 (1975); *Joseph A. Yacovone v. William F. Bolger, Postmaster General of the United States, et al.*, 645 F.2d 1028 (D.C.Cir. 1981).

The second charge against petitioner involving the removal of undeliverable mail was obviously a minor offense which, standing alone, would not justify the action taken by the agency in this case. However, when both charges are considered together in the context of petitioner's supervisory position, we have concluded that we should reject petitioner's argument that the penalty constituted an abuse of discretion. Comparably severe sanctions have been upheld by this court before. *Jones v. United States*, 223 Ct.Cl. ——, 617 F.2d 233 (1980), *Heffron v. United States*, 186 Ct.Cl. 474, 405 F.2d 1307 (1969). Given the facts which have been presented in this case, we do not find that the penalty of removal was so inherently disproportionate to the offense charged that it amounted to an abuse of discretion.

### III.

For the reasons stated above, petitioner's request for review is denied and the decision of the Board is affirmed.

### IV.

■ Since this is the first review by this court of a decision of the Merit Systems Protection Board under the Civil Service Reform Act of 1978, we call attention to the fact that the petitioner seeks relief which is not within our power to grant under the Act. He sues for back pay, requests reinstatement, and claims the right to related benefits. The standard of review set forth in the Act is limited. We are authorized only to "hold unlawful and set aside" an improper agency action. 5 U.S.C. § 7703(c). Therefore, we are without jurisdiction to render a money judgment—a Tucker Act remedy which the court is empowered to

grant in other cases.[4]  If judgment had been rendered for petitioner, we would have been required to remand the case to the Merit Systems Protection Board with instructions to determine the amount of back pay and related benefits due and to reinstate him.[5]

---

4. See remarks of John I. Heise, *Proceedings of the 1979 Court of Claims Judicial Conference*, pp. 118–19 (Mathew Bender & Co. 1979).

5. In response to a question at oral argument, respondent's counsel expressed the view that when the court decides that the agency action should be set aside as unlawful, it has the power to remand with instructions to award the discharged employee back pay and to reinstate him to his former position.  For the procedure to be followed in appeals from decisions of the Merit Systems Protection Board, see Court of Claims Rules 171–184;  14(b)(2) as amended;  54(a) as amended;  144(a)(7) as amended;  224;  214(d)(2) as amended, and Appendix F.  These rules were promulgated by General Order No. 2 of 1979, issued June 27, 1979.