935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Chusok KO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3094.
 United States Court of Appeals, Federal Circuit.
 May 8, 1991.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner appeals from the final decision of the Merit Systems Protection Board (MSPB or Board), which upheld the decision of the administrative judge. He dismissed the appeal on the ground that petitioner had voluntarily withdrawn the appeal. We affirm the Board's decision (MSPB Docket No. PH315H9010464).
 
 DECISION
 
 2
 Petitioner's appeal to this court is grounded primarily upon his claim that the voluntary withdrawal of his appeal to the MSPB was caused by the agency's misrepresentation of his appeal rights. He alleged that his discharge was based on matters which occurred prior to his appointment, but the agency wrongfully failed to inform him that he could appeal on that ground.
 
 
 3
 Petitioner, a probationary employee, was discharged from his position in the United States Mint, effective May 11, 1990, in a notice which stated that he could appeal to the MSPB, only if he believed that his discharge was based on partisan political or marital status reasons or on discrimination. He was represented by an attorney, and on May 30 timely filed an appeal, contending that his removal was a result of race, color and national origin discrimination. On May 31, 1990, the administrative judge assigned to his appeal sent the petitioner an acknowledgement order advising him that probationary employees have limited rights of appeal. The order of the administrative judge stated that petitioner could appeal to the Board based on a non-frivolous claim that the termination was due to partisan political reasons or marital status. In addition, the order specifically stated that if the termination was based on matters which occurred before petitioner's appointment, he could appeal on the grounds that such action violated the procedures stated in 5 C.F.R. Sec. 315.805. By letter of June 12, 1990, petitioner voluntarily withdrew his appeal to the MSPB, and on July 30, 1990, the administrative judge dismissed the appeal on the ground that the voluntary withdrawal of the appeal removed the case from the Board's jurisdiction.
 
 
 4
 On the basis of the undisputed facts, we find that the administrative judge's acknowledgement order of May 31, 1990, provided petitioner with reasonable notice that he had a right to appeal on the very grounds upon which his complaint in this appeal is based. Petitioner has not shown that he did not receive a copy of the order before the appeal was voluntarily withdrawn. Accordingly, we hold that the failure of petitioner's employing agency to advise him that he had a right to appeal if his discharge was based on matters that occurred before his employment, was harmless error, which was corrected by the order of the administrative judge. Since petitioner has failed to establish that the error substantially impaired his rights, the decision of the Board must be affirmed. See Brewer v. United States Postal Serv., 647 F.2d 1093, 1097 (Ct.Cl.1981).
 
 
 5
 Petitioner's remaining contentions are also without merit. Accordingly, we conclude that he has failed to establish that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See 5 U.S.C. Sec. 7703(c)(1).