92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie J. JOHNSON, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3167.
 United States Court of Appeals, Federal Circuit.
 July 16, 1996.
 
 Before NEWMAN, LOURIE and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Willie J. Johnson petitions for review of the January 3, 1996 decision of the Merit Systems Protection Board, Docket No. SF0752950901-I-1, sustaining his indefinite suspension from the position of Electronics Engineer. Because the Board did not err in finding that the Department of the Navy (the "agency") properly placed Johnson on indefinite suspension after it suspended his security clearance, we affirm.
 
 DISCUSSION
 
 2
 The agency employed Johnson as an Electronics Engineer at the Naval Air Warfare Center, Point Mugu, California. His position required him to have access to secret or confidential information. On April 9, 1994, Johnson was arrested for driving while under the influence of alcohol. He was sentenced to a work furlough program. As part of this program, Johnson was required to submit an employment verification form signed by his supervisor. However, Johnson did not inform his supervisor of his arrest and falsified the employment verification form.
 
 
 3
 On October 24, 1994, a representative from the work furlough program learned that Johnson had failed to inform his supervisor of his participation in the program. Johnson was removed from the work furlough program and incarcerated. Pursuant to its procedures, the Navy suspended his access to classified information when it learned of his incarceration. Subsequently, the agency forwarded the information concerning Johnson's suspension to the Navy's Central Adjudication Facility (CAF) to perform an independent determination as to whether to revoke Johnson's clearance. Pending the CAF's determination, the agency indefinitely suspended Johnson without pay. Johnson appealed the agency decision to the Board.
 
 
 4
 In an initial decision, an administrative judge (AJ) sustained Johnson's suspension. The AJ found that the agency established that a security clearance was required to perform Johnson's position and that his security clearance had been revoked. Furthermore, the AJ found that the agency's procedures when it indefinitely suspended him met the minimum requirements of due process. However, the AJ did not consider Johnson's discrimination claim because "[n]o affirmative defenses, even those based on constitutional protections, may be raised [on an appeal of a suspension based on the revocation of a security clearance]." The AJ's initial decision became the final decision of the Board when it denied Johnson's petition for review. See 5 C.F.R. § 1201.113(b) (1995).
 
 
 5
 Our review of a Board decision is limited by statute. We may set aside the decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 6
 On appeal, Johnson argues that the suspension was improper because the agency could have reassigned him to a position that did not require a security clearance. Moreover, he asserts that the agency denied him due process when it suspended him because the letter he received notifying him of the suspension did not have a "SUBJECT" line and contained the incorrect date of his incarceration. Finally, Johnson reasserts his discrimination claim.
 
 
 7
 We hold that the Board did not err is sustaining Johnson's suspension. Absent a regulation to the contrary, the agency was not required to transfer Johnson to a position that did not require a security clearance. See Griffin v. Defense Mapping Agency, 864 F.2d 1579, 1580-81 (Fed.Cir.1989). Moreover, the agency's notice of the proposed suspension, despite the lack of a "SUBJECT" line and the incorrect date of his incarceration, was legally sufficient because "it apprise[d] the employee of the nature of the charges 'in sufficient detail to allow the employee to make an informed reply.' " Brook v. Corrado, 999 F.2d 523, 526 (Fed.Cir.1993) (quoting Brewer v. United States Postal Serv., 647 F.2d 1093, 1097 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982)). Here, the notice informed Johnson that "it is hereby proposed that you be suspended without pay for an indefinite period of time from your position ... for failure to maintain access to classified material." It specifically referenced Johnson's arrest that led to his incarceration and subsequent suspension of his security clearance. The notice further informed Johnson that he could reply "both personally and in writing." Thus, the notice provided Johnson sufficient information to make an informed reply and the agency did not deny Johnson due process.
 
 
 8
 Finally, Johnson cannot succeed on his discrimination claim. While the AJ was not correct in stating that Johnson could not raise his discrimination claim, he merely made an unsubstantiated allegation that the agency treated him differently from another agency employee whose security clearance was also suspended as a result of entering a work furlough program. He offered no rebuttal to the government's evidence that any disparity in treatment of the two employees was due to legitimate, non-discriminatory reasons. In particular, the government presented evidence that the other employee promptly reported his arrest to his supervisor and immediately provided an employment verification form signed by his supervisor before entering his work furlough program. In contrast, Johnson did not immediately inform his supervisor of his arrest and he forged the employment verification form required for the work furlough program. Thus, Johnson failed to raise a colorable constitutional claim of discrimination. See Brockmann v. Department of Air Force, 27 F.3d 544, 546-47 (Fed.Cir.1994).