NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3198

ALAN MADDOX,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION

Respondent.

_____

DECIDED:  November 9, 2004

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Alan Maddox ("Maddox") appeals the Merit Systems Protection Board's ("Board") decision affirming the Department of Transportation's removal of him for failing to comply with drug testing procedures and for being absent without leave ("AWOL") upon two occasions.  Maddox v. Dep't of Transp., No. CH-0752-02-0670-I-1 (M.S.P.B. Apr. 30, 2003).  We affirm.

On May 1, 2002, at approximately 8:25 a.m., Maddox was informed that he was to participate in a random drug test that morning.  In response, Maddox told his supervisor (Gary Thomas) that he had "a doctor's appointment" and that he "had to go."  His supervisor replied that he was unaware of any request for leave and told Maddox that he would arrange for Maddox's immediate testing.  Thomas then told Maddox that

he was going to make sure the testers were ready. When Thomas returned, approximately two minutes later,[1] Maddox was no longer at his work station, and Thomas did not see Maddox's car in the company parking lot. Maddox returned later that morning and, at some point later in the day, submitted a leave slip for the time he was gone. This leave request, however, was not approved, because Maddox had not followed agency leave procedures and did not have a valid excuse for this departure from procedure. Also that day, Maddox requested leave from 1:30 to 4:30 p.m. – this time following proper agency procedure. However, at 1:20 p.m., when Thomas went in search of Maddox, Thomas could not find him. Accordingly, the two time periods that Maddox was deemed AWOL are from 8:30 to 11:00 a.m. and 1:20 to 1:30 p.m. on May 1, 2002.

Following an exhaustive discussion of the factual background of this case and the testimony before him, the AJ found

> the circumstances surrounding the appellant's sudden departure from the agency's facility on May 1, 2002, after receiving notice that he would be randomly drug tested, without obtaining specific leave approval from [his supervisor], and without an otherwise legitimate reason to leave the facility, establish, by preponderant evidence, that the appellant intentionally failed and refused to submit to the random drug test in violation of agency standards of conduct and discipline, and the conditions of his employment of which he was on ample personal notice.

Id. at 33. The AJ also found that the agency's AWOL charges were supported and sustained by a preponderance of the evidence. The AJ's decision became final when the full Board denied Maddox's petition for review. We have jurisdiction pursuant to 5 U.S.C. § 7703.

---

[1]     Maddox claimed that it had to have been at least ten minutes before Thomas returned due to a phone conversation Maddox recalled having; however, the Administrative Judge ("AJ") did not believe this testimony.

We must affirm a Board decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). We will not overturn a decision of the Board "if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981).

On appeal, Maddox simply takes issue with the Board's findings of fact,[2] without offering any explanation as to why the AJ's decision was not supported by substantial evidence. The AJ's conclusions are fully supported by the evidence which is discussed in detail in his forty page opinion. The AJ made determinations concerning the credibility of agency witnesses and Maddox's lack of credibility. It is well settled that judging the credibility of witnesses is the responsibility of the trier of fact and is virtually unreviewable. Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Accordingly, we affirm the Board's decision.

---

[2]     Maddox does not challenge the "efficiency of the service" and "penalty" prongs of the AJ's decision.