NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAURICE GRAYTON,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3161

---

Petition for review of the Merit Systems Protection Board in MSPB Docket No. SF0731100446-I-1.

---

Decided: February 16, 2011

---

MAURICE GRAYTON, of San Diego, California, Pro se.

MATTHEW H. SOLOMSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director.

---

PER CURIAM.

Maurice Grayton seeks review of the decision of the Merit Systems Protection Board ("the Board") upholding the Office of Personnel Management's ("OPM") decision that Grayton was ineligible for the position of Industry Operations Assistant ("IOA") with the Department of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), upholding the OPM's cancellation of Grayton's eligibility for positions in the competitive service, and upholding the OPM's debarment of Grayton from competition for, or appointment to, any covered position in the Federal service until October 15, 2012. *See Grayton v. Office of Personal Management*, No. SF0731100446-I-1 (M.S.P.B. June 23, 2010) ("*Board Decision*"). Because the Board applied the correct law and substantial evidence supports its decision, we *affirm*.

## BACKGROUND

On May 8, 2008, Grayton applied for an IOA position with the ATF. *Board Decision*, at 2. The application required Grayton to complete a Questionnaire for National Security Position (SF-86). *Id.* Grayton submitted the application online and certified that the information provided in the application was accurate. *Id.* In connection with the application, Grayton also signed a declaration certifying that the information provided in the application was "true, correct, and complete" and acknowledging that a "false or fraudulent answer to any question or item" may be grounds to fire him or not hire him. *Id.*

The question at issue for this appeal is question 23f of the application, which asked if Grayton, in the last seven years, had been "arrested for, charged with, or convicted of any offense(s)," excluding traffic fines less than $150 unless the violation was alcohol or drug related. The

application provided Grayton with an opportunity to explain his answer should he respond "yes." *Id.* at 9. Grayton answered "no" to question 23f. *Id.*

The ATF subsequently performed a background investigation on Grayton. Grayton was informed on October 13, 2009 that the ATF's background investigation revealed issues of concern, specifically that the ATF discovered that Grayton was charged with spousal abuse, battery, and vandalism in September 2007, a fact that Grayton did not disclose on the application. *Id.* at 2, 5–7. The OPM charged Grayton with engaging in criminal or dishonest conduct and intentionally certifying a false statement in his application for employment with the ATF.[1] After Grayton responded to the charges, the OPM determined that Grayton was ineligible for the IOA position, cancelled all other eligibility for Federal employment, and debarred Grayton from competition for Federal employment until October 15, 2012. *Id.* at 3.

Grayton appealed the OPM's decision to the Board, and the administrative judge ("AJ") assigned to the appeal issued an Initial Decision, finding that the OPM had established by a preponderance of the evidence that Grayton was unsuitable for Federal employment. The AJ found that while the spousal abuse, battery, and vandalism charges were ultimately dismissed, the OPM established by a preponderance of the evidence that Grayton's

---

[1] In a separate letter to the OPM dated August 13, 2008, the ATF additionally concluded that Grayton was not suitable for the IOA position because he failed to disclose a felony conviction for assault with a deadly weapon, failed to disclose that he had been on parole for that offense, and failed to disclose that he had been recently debarred from Federal employment. The online application expressly sought this information, and Grayton answered "no" to each pertinent question.

conduct gave rise to "concerns regarding his exercise of poor judgment and his suitability for the position at issue solely based on the seriousness of the charges." *Id.* at 8. The AJ found that the victim statements and corroborated observations by the police officer "clearly establishe[d] that the conduct was serious." *Id.*

The AJ also found that Grayton made an intentional, material false statement in his application in that "he responded 'no' when asked if he has been arrested for, charged with or convicted of any offense in the last 7 years and certified his responses on May 8, 2008, knowing that the answer was incorrect and that he offered no explanation for this response to the application." *Id.* at 10–11. The AJ found that Grayton admitted that, at the time he certified the truthfulness of his application, he was aware that he had been charged with a crime in the past seven years. *Id.* at 10. In total, the AJ concluded that Grayton's conduct "was dishonest and an obvious lack of good judgment on his part and most certainly renders him unsuitable for the position in question." *Id.* at 13.

Grayton declined to file a petition for review by the entire Board, and, accordingly, the Initial Decision became the Final Order of the Board after the period for Grayton to petition for review lapsed. Grayton timely appealed the Final Order. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by

substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Grayton argues that the AJ applied the wrong law and erred in finding that the OPM had shown by a preponderance of the evidence that Grayton was unsuitable for Federal employment. He does not dispute that he certified the accuracy of his online application and signed a declaration certifying the accuracy of his application. He also does not dispute that he answered "no" to question 23f and does not dispute that, at the time he answered "no," he knew he had been charged with spousal abuse, battery, and vandalism. Instead, he argues, among other things, that question 23f is ambiguous and unduly complex, violates California law, violates 15 U.S.C. § 1681c (a)(5), violates his 5th Amendment constitutional rights, and places him in double jeopardy. He also argues that the OPM had an obligation to provide him with an opportunity to amend his response to the question. Grayton further argues that the AJ failed to consider the relevant facts, specifically the dismissal of the spousal abuse, battery, and vandalism charges. Finally, Grayton argues that the OPM's action against him was based on discrimination based on race, disability, and sex.

The government argues that substantial evidence supports the AJ's findings. The government points to Grayton's undisputed criminal history and the undisputed fact that Grayton intentionally did not disclose that history on the employment application. The government also argues that the AJ correctly applied the law, which

allows an agency to find an individual unsuitable for employment for criminal or dishonest conduct, 5 C.F.R. § 731.202(b)(2), including material, intentional false statements, *id.* § 731.202(b)(3), and allows an agency to consider the nature and seriousness of the conduct as part of this determination, *id.* § 731.202(c)(2).

We conclude that the AJ correctly applied the law and that substantial evidence supports the AJ's findings. The applicable regulations allow an agency to find an individual unsuitable for employment for criminal or dishonest conduct, which includes the proffering of material, intentional false statements. 5 C.F.R. §§ 731.202(b)(2), 731,202(b)(3). As part of this determination, the agency considers, among other things, the nature and seriousness of the conduct, *id.* § 731.202(c)(2), the circumstances surrounding the conduct, *id.* § 731.202(c)(3), and the recency of the conduct, *id.* § 731.202(c)(4). It is undisputed that the AJ applied these regulations.

Within this regulatory framework, substantial evidence supports the AJ's findings. As recounted above, the record below contains substantial evidence that Grayton is unfit for the IOA position in light of his criminal history, including the charges of spousal abuse, battery, and vandalism that occurred less than one year prior to Grayton's submission of his application. While these charges were ultimately dismissed, the victim statements and officer's observations provide sufficient evidence of the seriousness of Grayton's conduct to support the AJ's findings that the OPM had shown that Grayton was unsuitable for the IOA position as well as the AJ's conclusion that the OPM properly debarred Grayton from Federal employment until October 15, 2012. Grayton's argument that the AJ should have placed more weight on the dismissal of the criminal charges simply asks this court to reweigh the evidence presented below, which we

cannot do. *Henry v. Dep't of Navy*, 902 F.2d 949, 951 (Fed. Cir. 1990) ("It is not for this court to reweigh evidence before the Board."). That Grayton was not convicted of the charges, without more, is insufficient to reverse the AJ's findings that the OPM showed that Grayton was unsuitable for Federal employment. *See Morgan v. Dep't of Transp.*, 300 Fed. App'x. 923, 926 (Fed. Cir. Nov. 28, 2008) (rejecting petitioner's arguments that the agency was required to prove he committed a criminal act in order to remove him from Federal service—"the issue before the Board was not whether [petitioner] Mr. Morgan could be convicted of a crime for his threat, but rather, whether he could be disciplined by his employer"); *Smith v. U.S Postal Serv.*, 789 F.2d 1540, 1541 n.1 (Fed. Cir. 1986) (noting that petitioner need not be convicted of a criminal offense for agency's removal to be sustained).

Similarly, Grayton's intentional, material misrepresentations provide substantial evidence to support the AJ's findings. It is undisputed that Grayton, twice certifying that his answers were truthful, falsely represented on the application that he had not been charged with a crime in the last seven years, despite knowing at the time he certified the truthfulness of his application that he had been charged with spousal abuse, battery, and vandalism the previous year. These false statements alone constitute substantial evidence supporting the AJ's finding that the OPM properly removed Grayton from Federal service. *See Kumferman v. Dep't of Navy*, 785 F.2d 286, 291 (stating that "falsification of records" is an offense that has "been viewed in the past as sufficiently serious to warrant removal").

Grayton's numerous challenges to question 23f lack merit. Contrary to Grayton's claims, question 23f is not ambiguous or unduly complex. The application expressly asked Grayton if he had been charged with a crime. The

application also provided Grayton with an opportunity to explain his answer should he answer "yes." Thus, Grayton's argument that the OPM should now allow him a second opportunity for explanation, after a background investigation discovered that Grayton falsely answered question 23f, is baseless.

Moreover, as the AJ concluded, the California Labor Code and the California Rules of Civil Procedure do not apply to the Federal employment application process. *Board Decision*, at 11–12. In any event, we agree with the AJ that even if Grayton believed that the application conflicted with the California Labor Code and California Rules of Civil Procedure, he had an obligation to truthfully answer question 23f, which he undisputedly failed to do.

Similarly, Grayton's arguments challenging question 23f under Federal law are without merit. Grayton makes no showing that the 5th Amendment applies to the Federal application process and, in any event, Grayton did not assert a 5th Amendment privilege when he answered question 23f. Grayton also makes no showing that the double jeopardy clause, which applies to criminal proceedings, applies to the Federal application process. Grayton's reliance on 15 U.S.C. § 1681c (a)(5) is similarly misplaced, as that statute applies to information that a consumer rating agency may use in a consumer report, and Grayton fails to provide any basis for applying this statute to the Federal application process.

Finally, Grayton's discrimination claims are not properly before us. First, this court lacks jurisdiction over discrimination claims under § 7703(b)(1), even in "mixed cases." *Williams v. Dep't of Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983) (en banc). Second, in filing this appeal, Grayton executed this court's Statement Concerning

Discrimination (Form 10) and abandoned his discrimination claims. In any event, we agree with the AJ that there is no evidence in the record to support Grayton's discrimination claims. *Board Decision*, at 15–16.

We have considered Grayton's remaining arguments and find them to be without merit.

Accordingly, we *affirm* the Board's decision that the OPM proved by a preponderance of the evidence that Grayton was unsuitable for the IOA position and was properly removed from and debarred from Federal service, with a period of debarment from competition for, or appointment to, any covered position in the Federal service lasting until October 15, 2012.

**AFFIRMED**

Costs

No costs.