NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAURIE ANSLEY GERHARD,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3187

---

Appeal from the Merit Systems Protection Board in No. AT-0731-11-0735-I-1.

---

Decided: February 11, 2013

---

LAURIE ANSLEY GERHARD, of Rome, Georgia, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before NEWMAN and LOURIE, *Circuit Judges*, and DAVIS[*],
*District Judge.*

PER CURIAM.

Laurie A. Gerhard ("Gerhard") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying her petition for review. *See Gerhard v. Office of Pers. Mgmt.*, No. AT-0731-11-0735-I-1 (M.S.P.B. Sept. 2, 2011) ("*Initial Decision*"); (M.S.P.B. July 12, 2012) ("*Final Order*"). Because substantial evidence supported the Board's decision, we *affirm*.

## BACKGROUND

Gerhard was employed as a Nurse Practitioner with the Department of Health and Human Services ("DHHS") at an Indian Health Service facility in Poplar, Montana from June to December 2009. On September 28, 2009, during the probationary period of her employment with DHHS, Gerhard struck a pedestrian while operating a government-owned vehicle. A police officer arrived at the scene and after investigating the incident, which included questioning Gerhard and the pedestrian, filed a police report. The officer noted at the scene that the front window of the vehicle was foggy, and Gerhard admitted to the officer that the front window was covered with frost during the incident. Gerhard was terminated from her position for failing to operate a government-owned vehicle in a safe manner.

In 2010, Gerhard applied and was selected for the position of Nurse Practitioner with the Pawnee Service Unit at the Pawhuska Health Center in Oklahoma. Accordingly, on August 13, 2010, Gerhard completed a declaration for Federal employment form. Question 12 on the form

---

[*] Honorable Leonard E. Davis, United States District Court for the Eastern District of Texas, sitting by designation.

asked whether the applicant, during the past five years, had been fired from any job for any reason; Gerhard checked the "No" option. During the processing of Gerhard's employment paperwork, it was noted that she had been terminated from her prior Federal employment, and Gerhard was contacted and asked for an explanation. On October 12, 2010, Gerhard submitted a signed statement describing the 2009 incident and stating that she had been in her car defrosting the front window, that the car had not been moving, and that upon exiting the car she noticed a woman crawl out from under the car.

In May 2011, as a result of an investigation into the incident, the Office of Personnel Management ("OPM") made Gerhard ineligible for the position of Nurse Practitioner based on three charges under 5 C.F.R. § 731.202(b): (1) misconduct or negligence in employment relating to the original 2009 incident; (2) criminal or dishonest conduct as a result of her October 12, 2010 statement; and (3) material, intentional false statement, or deception or fraud in examination or appointment as a result of her answer to question 12 of the August 2010 Declaration for Federal Employment form. OPM also cancelled any eligibility that Gerhard had or may have had for covered positions and debarred Gerhard from Federal service until January 2014.

Gerhard appealed to the Board. In August 2011, the Administrative Judge ("AJ") held a hearing and issued a bench decision sustaining all three of OPM's charges and affirming the agency's decision regarding Gerhard's employment. *Gerhard v. Office of Pers. Mgmt.*, No. AT-0731-11-0735-I-1 (M.S.P.B. Aug. 18, 2011) ("*Hearing Transcript*"). On September 2, 2011, the AJ issued an initial decision formalizing the earlier bench decision. *Initial Decision* at 1–2. Specifically, on the charge of negligence or misconduct during employment, the AJ concluded that the police officer's version of events supported the charge and that the police officer was credible

and corroborated by Gerhard's testimony at the August hearing. *Hearing Transcript* at 10–11. On the charges of dishonest conduct and providing a material, intentional false statement, the AJ concluded that OPM had met its burden of proof by a preponderance of the evidence. *Hearing Transcript* at 15, 17. Gerhard petitioned for reconsideration by the full Board, which was denied. *Final Order* at 3–4. The initial decision of the AJ thus became the decision of the Board.

Gerhard appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Gerhard argues that substantial evidence did not support the Board's opinion. Specifically, she argues that the Board failed to take into account that she was not given a ticket or citation for the vehicle incident. Gerhard further argues that she did not engage in dishonest conduct because she did not believe that she had been fired from her previous employment, only that she had been released during her probationary period. Gerhard further argues that DHHS staff were negligent in discovering the previous termination and not acting on it early enough. Gerhard also argues that she accumulated

expenses relating to relocating for her new job and that the Board did not take these financial burdens into account in its decision. Finally, Gerhard argues that the AJ was biased at the hearing.

We disagree with Gerhard's arguments. The Board correctly determined that each of the charges against Gerhard was supported by substantial evidence. Specifically, with respect to the charge of misconduct or negligence during employment, the AJ carefully laid out the testimony and evidence during the hearing and made a credibility determination on the police officer's statements as recounted in the official report. *Hearing Transcript* at 6–11. The AJ further noted that the police officer's report was corroborated by Gerhard's own testimony at the hearing. *Hearing Transcript* at 8–9. Although Gerhard argues that she was never given a ticket or traffic citation, the AJ noted this fact at the hearing but affirmed the charge, relying on the police report and Gerhard's own testimony. *Hearing Transcript* at 8. Essentially, Gerhard challenges the Board's credibility determinations, which are virtually unreviewable by this court. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986) (holding that a "presiding official's credibility determinations . . . are virtually unreviewable").

Substantial evidence further supports the Board's determination that Gerhard knowingly engaged in dishonest conduct and made a material, intentional false statement. On the dishonest conduct charge, the AJ noted that Gerhard's written statement of October 12, 2010 differed from both the version of events contained in the police officer's 2009 report and Gerhard's own testimony at the August 2011 hearing. *Hearing Transcript* at 12. Regarding the intentional false statement, Gerhard argues that she did not believe she needed to disclose the previous firing because she was simply released during a probationary period. However, at the hearing the AJ noted that Gerhard signed for receipt of a removal notice

prior to being removed from her 2009 position and that the notice stated that she was being terminated during the probationary period due to the 2009 incident. *Hearing Transcript* at 16. Substantial evidence thus supported the Board's decision.

Although Gerhard argues that the Board overlooked her expenses for relocating for the new position, she has not established how consideration of any financial burden would have any bearing on the Board's decision or alter the result. Further, Gerhard's argument that the AJ was biased and had decided the case before the hearing is not supported by the record. The AJ thoroughly evaluated each charge, documented the evidence before the court, and made a determination after weighing the evidence.

We have considered Gerhard's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

## AFFIRMED

Costs

No costs.