NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

EARLENE JOHNSON,
*Petitioner*,

v.

DEPARTMENT OF VETERANS AFFAIRS,
*Respondent*.

2014-3076

Petition for review of the Merit Systems Protection Board in No. CH-1221-11-0328-W-1.

Decided: July 14, 2014

EARLENE JOHNSON, of Saint Louis, Missouri, *pro se*.

RYAN M. MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director.

Before LOURIE, BRYSON, and CHEN, *Circuit Judges*.

PER CURIAM.

Earlene Johnson ("Johnson") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying her request for corrective action after the Department of Veterans Affairs ("VA") terminated her employment during her probationary period. *See Johnson v. Dep't of Veterans Affairs*, No. CH-1221-11-0328-W-1 (M.S.P.B. Oct. 12, 2011) ("*Initial Decision*"); (M.S.P.B. Jan. 22, 2014) ("*Final Order*"). Because the Board did not err in denying Johnson's request for corrective action and substantial evidence supported the Board's decision, we *affirm*.

## BACKGROUND

Johnson worked as a VA Medical Supply Technician in the Supply, Processing, and Distribution Department ("SPD"), which is responsible for sterilizing medical instruments. She was hired in December 2008 and removed from employment in November 2009 during her one-year probationary period. Johnson was supervised by Joyce Richardson, the Assistant Chief Medical Supply Technician, who was supervised by Catherine Miller.

In early March 2009, Johnson overheard a telephone conversation between Richardson and Miller concerning plans for the on-site VA Dental Clinic to begin sterilizing its own medical instruments. Johnson relayed that information to her fellow SPD employees because the Dental Clinic had previously sent dental instruments that had not been properly cleaned to the SPD. Johnson and other SPD employees expressed their concerns about the Dental Clinic's improper cleaning to Richardson and Miller.

In April 2009, Johnson suffered an on-the-job injury, which necessitated reassignment to other departments in various light-duty positions. During that period of light-duty assignments, Johnson occasionally had to be further

transferred due to disruptive behavior. This disruptive behavior included comments about Richardson, bad language, and instances where she intimidated other employees. In August 2009, Johnson disclosed to Miller that Richardson was harassing her, including threatening to fire Johnson and talking to other employees about wanting to get rid of her. Miller acknowledged deficiencies in Richardson's leadership skills and management style and offered to have Johnson and Richardson participate in Alternate Dispute Resolution, but Johnson declined.

On November 24, 2009, Johnson was removed for unprofessional behavior. In February 2010, Johnson filed an Equal Employment Opportunity Commission ("EEOC") complaint. In August 2010, Johnson filed a separate complaint with the Office of Special Counsel ("OSC"), alleging that she was fired in retaliation for whistleblowing. After OSC notified Johnson that it had terminated its investigation, she appealed to the Board.

In September 2011, the Administrative Judge ("AJ") held a hearing and in October 2011, issued a decision denying Johnson's request for corrective action. *Initial Decision* at 2. The AJ found that Johnson's disclosures were not protected disclosures under the Whistleblower Protection Act ("WPA") because Johnson's disclosures: (1) were general complaints to Richardson made by several SPD employees, including Johnson, about the Dental Clinic's sloppy work that lacked specificity and detail, and (2) were not information that Miller and Richardson did not already know. *Id.* at 13–14.

However, the AJ found that Johnson had made a protected disclosure concerning Richardson's abuse of authority, *viz.*, her harassment of Johnson, *id.* at 14, and that the disclosure was a contributing factor in the VA's decision to terminate Johnson's employment, *id.* at 15. The AJ nevertheless concluded that, despite the protected

disclosure, the VA had presented clear and convincing evidence that it had fired Johnson for her unprofessional conduct and would have fired her regardless of Johnson's protected disclosure. *Id.* at 19–20.

Johnson petitioned for review by the full Board, which was denied. *Final Order* 1–2. The Board found that even though Johnson's disclosures relating to dental instrument sterilization may have qualified as protected disclosures, the VA had presented clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosures. *Id.* at 6. Except for the above modifications, the initial decision of the AJ was adopted as the decision of the full Board. *Id.* at 8.

Johnson appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Johnson argues that the Board did not take into account a supplemental investigation conducted by the Office of Resolution Management and that the Board did not apply the Whistleblower Protection Enhancement Act of 2012. The government responds that the supplemental

investigation was ordered pursuant to a separate EEOC complaint that Johnson filed alleging several discrimination claims that are not relevant to the current appeal. The government further contends that the Board correctly applied the WPA and determined that the VA had presented clear and convincing evidence that it would have removed Johnson for unprofessional conduct despite the protected disclosures.

We agree with the government. The supplemental investigation concerned separate allegations before the EEOC that were not before the Board. Although the Board recognized that Johnson had filed an EEOC complaint, *see Initial Decision* at 4, the administrative proceedings before the EEOC were not relevant to Johnson's appeal before the Board. *Cf. Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 692 (Fed. Cir. 1992) (noting that Congress desired discrimination complaints to be appealed to the EEOC to "avoid[] duplication of effort [which] conserves governmental resources and avoids potentially conflicting procedures or outcomes"). Accordingly, the Board did not err in failing to consider the allegations or factual findings in the EEOC complaint.

Although Johnson alleges that the Board misapplied the WPA, she does not explain in what way the Board applied the wrong law and how any alleged error would have affected her appeal. Here, the Board carefully analyzed the various disclosures and found that they were, or could have been, protected. *Initial Decision* at 14; *Final Order* at 6. However, the Board further found that despite the protected disclosures, the VA had presented clear and convincing evidence that it would have fired Johnson due to unprofessional conduct, including her comments regarding Richardson, her language, and instances in which she intimidated other employees. *Final Order* at 6–8. Substantial evidence thus supports the Board's denial of Johnson's request for corrective action.

Additionally, although Johnson contends that the Board misapplied the Whistleblower Protection Enhancement Act of 2012, presumably because the AJ applied the then-current WPA in its 2011 decision, the Board specifically modified the AJ's initial decision to include the dental instrument sterilization disclosures because "the fact that the information in question may have been already known, previously disclosed, or disclosed to either a supervisor or person who participated in the activity . . . does not in and of itself prevent it from being considered a protected disclosure under the provisions of the Whistleblower Protection Enhancement Act of 2012, . . ." *Id.* at 6. Nevertheless, even though the Board found the disclosure to be protected, it agreed that the VA established by clear and convincing evidence that it would have removed the appellant absent that protected disclosure, *id.*, which we have concluded was supported by substantial evidence. The Board thus did not err in its consideration of the Whistleblower Protection Enhancement Act of 2012.

We have considered Johnson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.