NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR L. HAIRSTON, SR.,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2018-2053

---

Petition for review of the Merit Systems Protection Board in No. PH-0714-18-0186-I-1.

---

Decided: March 8, 2019

---

ARTHUR L. HAIRSTON, SR., Martinsburg, WV, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* LINN and MOORE, *Circuit Judges.*

PER CURIAM.

Arthur L. Hairston, Sr. appeals the final decision of the Merit Systems Protection Board (the "Board"), *Hairston v. Dep't of Veterans Affairs*, No. PH-0714-18-0186-I-1, 2018 WL 3212564 (MSPB June 26, 2018), sustaining his removal from employment with the United States Department of Veterans Affairs ("VA") based on a charge of conduct unbecoming of a federal employee. We affirm.

I

Mr. Hairston was hired as a housekeeping aid at the Martinsburg VA Medical Center in West Virginia in December 2015. In July 2017, Mr. Hairston received written counseling from his supervisor for refusing to do work as instructed and for willful idleness. In October 2017, Mr. Hairston filed a grievance through his union requesting that he be returned to his prior work area and that the counseling be removed from his record. The grievance was denied in November 2017. Mr. Hairston then contacted an Equal Employment Office ("EEO") counselor and filed an informal EEO complaint, attributing the counseling he received in July 2017 to racial discrimination and reprisal.

On December 14, 2017, a VA nurse, Jenica Pearson, reported that Mr. Hairston was harassing another nurse, Wendy Ganoe. Specifically, Ms. Pearson reported that Mr. Hairston had kissed Ms. Ganoe the day before. Mr. Hairston's supervisor instructed him to not return to the unit where Ms. Ganoe worked. Nonetheless, Ms. Ganoe and other employees reported seeing Mr. Hairston in the unit later that day. Ms. Pearson called the VA Police, and the VA conducted an investigation into Mr. Hairston's conduct.

On January 26, 2018, the VA issued a notice proposing to remove Mr. Hairston from employment based on two charges: (1) conduct unbecoming of a federal employee; and (2) failure to follow instructions. Mr. Hairston submitted a written response to the proposed removal. On February 7,

2018, the VA sustained both charges, and Mr. Hairston was removed from his employment on February 9, 2018.

Mr. Hairston appealed his removal to the Board. The administrative judge conducted a hearing where Mr. Hairston and other employees testified. Mr. Hairston raised several affirmative defenses before the administrative judge including racial discrimination and retaliation for filing an EEO complaint based on his prior counseling, for filing a district court case alleging various types of discrimination by the VA, and for whistleblowing. The administrative judge found that Mr. Hairston failed to prove these affirmative defenses by a preponderance of the evidence.[1] S.A. 12–21.[2]

The administrative judge found that substantial evidence supported the conduct unbecoming charge but not the failure to follow instructions charge. S.A. 5–12. The administrative judge therefore affirmed the VA's removal

---

[1] Mr. Hairston is no longer pursuing any of his discrimination claims in this appeal. *See* Statement Concerning Discrimination, *Hairston v. Dep't of Veterans Affairs*, No. 18-2053 (Fed. Cir. July 11, 2018), ECF No. 16 (indicating that "[n]o claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case"); *see also* Response to Show Cause Order, *Hairston v. Dep't of Veterans Affairs*, No. 18-2053 (Fed. Cir. Sept. 17, 2018), ECF No. 24 (indicating decision to withdraw discrimination claims); Order on Response to Show Cause Order, *Hairston v. Dep't of Veterans Affairs*, No. 18-2053 (Fed. Cir. Oct. 17, 2018), ECF No. 29 (noting withdrawal of discrimination claims).

[2] Citations to the record are to the Supplemental Appendix ("S.A."), filed by the Department of Veterans Affairs.

of Mr. Hairston on the conduct unbecoming charge.  S.A. 21.

Mr. Hairston did not petition for review by the full Board, so the administrative judge's initial decision became final on July 31, 2018.  Mr. Hairston appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

The scope of our review in an appeal from the Board is limited by statute.  We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); *see Kahn v. Dep't of Justice*, 618 F.3d 1306, 1312 (Fed. Cir. 2010).

Under the substantial evidence standard, this court reverses the Board's decision only "if it is not supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (quoting *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981)).

Mr. Hairston makes several arguments in support of his request that we reverse the Board.  First, he argues that Ms. Ganoe's and Ms. Pearson's testimony was inconsistent with their prior statements and that they were "impeached and rebutted" by other witnesses.  This is essentially a challenge to the administrative judge's credibility determinations.  We note that evaluating witness credibility is within the discretion of the Board and that, in general, such evaluations are "virtually unreviewable" on appeal.  *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998); *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986).  In the initial decision,

the administrative judge carefully examined the testimony of each witness and credited Ms. Ganoe's testimony. S.A. 5–9.

To the extent Mr. Hairston argues that Ms. Ganoe's one-day delay in reporting the incident shows that the kiss was not unwelcome, the administrative judge considered and rejected this argument. The administrative judge considered Ms. Ganoe's explanation that she was confused, upset, and humiliated; found her reasons to be "logical and convincing;" and concluded that "her delay in reporting the matter does not indicate that she welcomed the kiss or that it was not improper." S.A. 8–9. Mr. Hairston has not provided sufficient reason to overturn the administrative judge's credibility determinations.[3] *King*, 133 F.3d at 1453.

Moreover, the administrative judge did not sustain the conduct unbecoming charge by relying solely on Ms. Ganoe's and Ms. Pearson's testimony. The administrative judge also relied on Mr. Hairston's admission that he kissed Ms. Ganoe in the workplace. S.A. 6 ("[T]he appellant admitted putting his hand on Ganoe's shoulder and kissing her.").

---

[3]    On November 27, 2018, Mr. Hairston filed a motion in this court for leave to file an affidavit to establish that Ms. Ganoe has since been terminated from her employment. ECF No. 37. On December 4, 2018, Mr. Hairston filed a corrected motion for discovery requesting Ms. Ganoe's termination records. ECF No. 40. Mr. Hairston asserts that this evidence would support his challenge to Ms. Ganoe's credibility. *See* ECF Nos. 37, 40. Because this is a court of appeals, we will not evaluate this evidence in the first instance, and a remand for the Board to consider it is not warranted. We therefore deny both of Mr. Hairston's motions.

This court does not substitute its impression of the facts for that of the administrative judge. We review only to determine whether, based on the evidence in the record, a reasonable fact finder could have found that Mr. Hairston had engaged in conduct unbecoming of a federal employee. *See Haebe*, 288 F.3d at 1298. We hold that there is substantial evidence in the record that the administrative judge could have reasonably sustained the VA's termination of Mr. Hairston's employment based on the conduct unbecoming charge.

Mr. Hairston also argues that the administrative judge erred and violated equal protection and due process by failing to conduct a mitigation analysis under *Douglas v. Veterans Administration*, 5 M.S.P.B. 313, 331–32 (1981). However, 38 U.S.C. § 714, enacted as part of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, provides that in reviewing a removal, "if the decision of the Secretary is supported by substantial evidence, the administrative judge *shall not mitigate* the penalty prescribed by the Secretary." 38 U.S.C. § 714(d)(2)(B) (emphasis added). Here, the administrative judge found that Mr. Hairston's removal on the conduct unbecoming charge was supported by substantial evidence. The administrative judge was therefore not required or permitted to mitigate the penalty. *Id.*

Mr. Hairston raises a due process challenge relating to how his hearing was conducted, recorded, and transcribed. Mr. Hairston appears to argue that the device recording his oral hearing was turned off before or during his case-in-chief. The administrative judge considered this argument in Mr. Hairston's post-hearing motions and noted that no testimony occurred off the record and that any rulings made off the record were subsequently memorialized on the record. S.A. 31. To the extent Mr. Hairston argues that he did not have access to a recording or transcript of his hearing, the administrative judge noted that the recording was available to him for free through the e-appeal system and

that a transcript was available for a fee.  S.A. 30.  We see no due process violation in the way Mr. Hairston's oral hearing was conducted, recorded, or transcribed.

Finally, Mr. Hairston seems to ask that we reverse the administrative judge's evidentiary rulings or that he be permitted to lay a foundation for certain exhibits supporting his affirmative defenses on appeal.  As an initial matter, Mr. Hairston withdrew his discrimination claims in this appeal.  Moreover, the Board and its administrative judges have wide discretion regarding the admission of evidence and the conduct of proceedings.  5 C.F.R. § 201.41(b); *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1265 (Fed. Cir. 2001) ("[T]he admissibility of evidence is within the sound discretion of the Board.").  Mr. Hairston has not made a persuasive argument that the administrative judge's evidentiary rulings were an abuse of discretion, much less an abuse that caused prejudice to the outcome of the proceeding.

We have considered Mr. Hairston's other arguments on appeal, including those in his memorandum in lieu of oral argument, and find them to be unpersuasive.

The Board's decision to affirm the VA's removal of Mr. Hairston based on conduct unbecoming a federal employee is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or contrary to law or regulation.  We therefore affirm the Board's decision.

**AFFIRMED**

COSTS

The parties shall bear their own costs.