NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHY A. MORRISON,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3133

---

Petition for review of the Merit Systems Protection Board in No. DE0842120298-I-1.

---

Decided: November 8, 2013

---

KATHY A. MORRISON, of Camp Verde, Arizona, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before LOURIE, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Kathy A. Morrison ("Morrison") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying her petition for review of the denial of her application for a deferred annuity. *See Morrison v. Office of Pers. Mgmt.*, No. DE-0842-12-0298-I-1 (M.S.P.B. Aug. 21, 2012) ("*Initial Decision*"); (M.S.P.B. May 31, 2013) ("*Final Order*"). Because substantial evidence supported the Board's denial of Morrison's application, we *affirm*.

## BACKGROUND

Morrison was employed at the Department of Veterans Affairs Medical Center in Prescott, Arizona from May 1992 until October 1999. Resp't's App. 41. In September 2011, she contacted the Office of Personnel Management ("OPM"), asking whether she had received all of the funds that she had contributed to her retirement when she left federal employment in 1999. *Id.* at 52. Specifically, Morrison requested that, "[I]f I wasn't sent all of my funds I would appreciate them being sent to me." *Id.* OPM informed Morrison that funds were in her account but that she was eligible for a deferred annuity. *Id.* at 49. Additionally, OPM noted that Morrison could withdraw her contributions of $1,242.51 plus any payable interest, but that she "may lose [her] right to a deferred annuity." *Id.*

In response, Morrison requested and completed a Federal Employees Retirement System ("FERS") Application for a Refund of Retirement Deductions (Form SF 3106). *Id.* at 41–42. Accompanying the form was a letter from Morrison stating that "[a]long with my application, I am writing to request a refund of whatever funds I have due to me in my annuity account . . . ." *Id.* at 45. The

Form SF 3106 included the statement that: "If you were not employed under FERS on or after October 28, 2009, payment of a refund of your FERS deductions will *permanently* eliminate your retirement rights for the period(s) of FERS service which the refund covers." *Id.* at 38 (emphasis original). Pursuant to her request, OPM processed Morrison's application and issued to her a check for $2,375.19. *Id.* at 37.

Morrison later contacted OPM stating that she wished to receive her entire deferred annuity in a lump sum payment, rather than a refund of only her retirement deductions. *Id.* at 34. She additionally submitted a FERS Application for Deferred or Postponed Retirement (Form RI 92-19). *Id.* at 29. OPM informed Morrison that all retirement deductions withheld during her federal service had been refunded to her and that no further benefits were due. *Id.* at 25. She responded, stating that she had misunderstood OPM's prior notice and the Form SF 3106, and wanted to file for a deferred annuity. *Id.* at 21–24. OPM denied her application pursuant to 5 U.S.C. § 8414(a), on the basis that she was not eligible for a retirement annuity because she had previously received a refund on her retirement deductions. *Id.* at 19–20.

Morrison appealed to the Board. In August 2012, the Administrative Judge ("AJ") issued an initial decision affirming OPM's denial of Morrison's retirement annuity. *Initial Decision* at 5. Specifically, the AJ found that a refund of retirement contributions prevented Morrison from receiving a retirement annuity because "'[p]eriods of service for which employee contributions have been refunded are not creditable service in determining whether the employee has sufficient service to have title to an annuity for any other purpose.'" *Id.* at 3 (quoting 5 C.F.R. § 843.202(b) (2008)). Additionally, the AJ concluded that she had not established that any of the exceptions to that rule applied—specifically stating that she was not mentally incompetent at the time she applied for the refund,

that the refund was validly issued, and that she was entitled to receive the refund. *Id.* at 3–4. Morrison petitioned for reconsideration by the full Board; that petition was denied. *Final Order* at 2–3. The initial decision of the AJ thus became the decision of the Board.

Morrison appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Morrison argues that she did not understand that she would lose her deferred annuity by obtaining a refund of her previous contributions. She contends that she thought that her deferred annuity would remain intact even after receiving her refund. The government responds that Morrison's misunderstanding does not change the law, that the Board considered all relevant law and facts, and that substantial evidence supports the Board's denial of Morrison's application for a deferred annuity.

We agree with the government. The Board correctly determined that Morrison was not entitled to a deferred annuity, and that conclusion was supported by substantial evidence. Morrison wrote to OPM requesting all of her contribution funds, requested the Form SF 3106, and

completed the application. Resp't's App. 45–52. Both OPM's letter responding to Morrison's original request and the Form SF 3106 warned her that by requesting a refund of previous contributions, an applicant may lose the right to a deferred annuity. *Id.* at 38, 49. Morrison nonetheless completed the application and sent it to OPM. *Id.* at 38–44. OPM processed the application and refunded to Morrison all of her contributions. *Id.* at 37. By taking those steps, Morrison received her previous retirement contributions and consequently, "*permanently* eliminate[d her] retirement rights for the period(s) of FERS service which the refund covers." *Id.* at 38 (emphasis original).

Additionally, the Board correctly determined that Morrison did not qualify for any of the exceptions that would allow an applicant to receive a refund but still qualify for a deferred annuity. An applicant who receives a refund of retirement contributions may still be eligible to receive a deferred annuity if the applicant: (1) was mentally incompetent at the time they applied for and received a refund; (2) erroneously received the lump sum payment; or (3) was not entitled to receive the refund at the time it was paid. *Wadley v. Office of Pers. Mgmt.*, 103 M.S.P.R. 227, ¶11 (2006) (citing *Yarbough v. Office of Pers. Mgmt.*, 770 F.2d 1056, 1060 (Fed. Cir. 1985); OPM's *CSRS and FERS Handbook* § 60A1.1–3C (1998)). Morrison conceded to the Board that she was not mentally incompetent at the time she applied for the refund. *Initial Decision* at 4. Morrison also presented no evidence to show either that the payment that she received was erroneous or that she was not entitled to receive the refund. *Id.* Morrison has not pointed to any additional evidence or facts that the Board overlooked in coming to these conclusions. Her alleged misunderstanding of OPM's clear notice that receipt of her contributions would eliminate any right to a deferred annuity does not provide

her with an exemption from the law. Substantial evidence thus supports the Board's conclusion that Morrison was not entitled to a deferred annuity under FERS.

We have considered Morrison's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

**AFFIRMED**

Costs

No costs.