NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL A. ALSTON,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3138

---

Petition for review of the Merit Systems Protection Board in No. DE844E120276-I-1.

---

Decided: November 8, 2013

---

MICHAEL A. ALSTON, San Tan Valley, Arizona, pro se.

ERIC E. LAUFGRABEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before LOURIE, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

Michael A. Alston ("Alston") appeals from the final order of the Merit Systems Protection Board (the "Board") affirming the decision by the Office of Personnel Management ("OPM") denying his application for disability retirement under the Federal Employees' Retirement System ("FERS"). *See Alston v. Office of Pers. Mgmt.*, No. DE-844E-12-0276-I-1 (M.S.P.B. Aug. 10, 2012) ("*Initial Decision*"); (M.S.P.B. June 14, 2013) ("*Final Order*"). Because the Board's decision was supported by substantial evidence and we lack jurisdiction to review OPM's factual findings relating to disability, we affirm.

## BACKGROUND

Alston was employed as a Transportation Security Inspector ("TSI") by the Department of Homeland Security ("DHS") beginning in May 2004. *Initial Decision* at 2. His duties involved inspecting aviation operations for compliance with governing security standards. *Id.* On December 1, 2010, DHS proposed to remove Alston based on numerous charges, including failure to maintain a regular work schedule, absence without leave, failure to follow directions from a supervisor, negligent performance of duties, fifty instances of alleged tardiness from March to August 2010, corresponding instances of failure to accurately record time, and failure to cooperate in an official investigation on his alleged tardiness. *Id.* at 5. After Alston's response, DHS removed Alston from his employment on December 28, 2010. *Id.* Alston subsequently entered into a settlement agreement with DHS in which the original removal action was canceled and a resignation effective December 28, 2010 was substituted as the basis of his separation. *Id.*

Prior to his separation, Alston applied for disability retirement under FERS. In February 2010, Alston sought medical attention for abdominal pain, but test results did

not reveal any significant abnormalities. *Id.* at 2. In June 2010, Alston purportedly experienced headaches, fatigue, and abdominal pain, but he did not seek professional treatment. *Id.* at 3. On August 30, 2010, after a meeting with his managers in which Alston was reprimanded for tardiness, Alston experienced migraine headaches, abdominal pain, and behavior changes, including having a more difficult time locating regulations and yelling at family members. *Id.* From September to November 2010, while absent from work, Alston obtained treatment and diagnosis from various health professionals for headaches, abdominal pain, and mood disorder, among other symptoms. *Id.* at 3–4. On November 23, 2010, Alston completed an application for disability retirement under FERS, in which he listed tension cephalalgia (headaches), abdominal pain, neck pain, back pain, bipolar disorder, mood disorder, and post-traumatic stress disorder as the claimed disability. *Id.* at 4.

OPM denied Alston's application for disability retirement. *Id.* at 5–6. OPM found that Alston failed to establish that his service deficiency was caused by the claimed medical conditions. J.A. 109. OPM also found that there was insufficient evidence to establish a disabling medical condition. J.A. 110.

Alston appealed that decision to the Board. The Administrative Judge ("AJ") affirmed OPM's decision finding that Alston had not shown by a preponderance of evidence that his service deficiency was caused by the claimed medical conditions. *Initial Decision* at 9–10. The AJ also questioned the veracity of Alston's testimony on the effects of his medical conditions, because he had misrepresented to healthcare providers the circumstances of his employment and his separation from DHS. *Id.* at 11. On review, the full Board affirmed the AJ's initial decision adopting it as the Board's final decision. *Final Order* at 2.

The Board agreed with the AJ that Alston failed to establish a disabling medical condition under FERS. *Id.* at 8.

Alston appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

In an appeal from a denial of disability retirement benefits under FERS, our jurisdiction is further limited by 5 U.S.C. § 8461(d). *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995). We may review whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)). However, OPM's factual findings as to the question of disability are reviewable only by the Board. *Id.*

Alston argues that the Board failed to properly consider certain evidence supporting his disability claim and improperly denied his eligibility for disability retirement after considering only objective medical evidence. Alston challenges the AJ's finding on his credibility. Alston also asserts that his removal from employment was based on

his extended absence due to illness, which created a presumption that shifted the burden of production to the government, and that the Board failed to consider whether the government had met its burden.

The government responds that 5 U.S.C. § 8461(d) precludes judicial review of factual determinations on disability and that the Board had considered the evidence cited by Alston, but concluded that those records did not support his disability claim. The government contends that the AJ's credibility determination is virtually unreviewable on appeal. The government also responds that the Board correctly determined that the burden-shifting presumption did not apply for at least two reasons: (1) the agency did not remove Alston due to his medical conditions; and (2) Alston entered into a settlement agreement pursuant to which a resignation was the basis for his separation.

We agree with the government that we lack jurisdiction to review OPM's factual findings on disability, because Alston did not establish any procedural, legal, or other fundamental error in the administrative proceeding. *Lindahl*, 470 U.S. at 791. Moreover, an applicant for disability retirement bears the burden of proving, by a preponderance of evidence, that he or she had a disability while employed in a position subject to FERS. 5 C.F.R. §§ 844.103(a)(2), 1201.56(a)(2). Here, OPM found that Alston failed to establish a disabling medical condition pursuant to FERS. J.A. 110. After considering all relevant evidence on the record, the Board affirmed OPM's factual determination. *Final Order* at 8. We have no jurisdiction to review those factual findings. *Anthony*, 58 F.3d at 626.

We also agree with the government that the Board correctly determined that the burden-shifting presumption did not apply. While the burden of production is generally on an employee seeking disability retirement,

an action by the government separating the employee for his disability establishes a *prima facie* case of disability for purposes of determining retirement benefits and shifts the burden of production to the government. *Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 293–94 (Fed. Cir. 1993). However, in this case, DHS's initial removal proposal did not identify Alston's medical conditions as the basis for removing him. Indeed, the proposal listed numerous service deficiencies, including those occurring before Alston became absent from work and sought medical treatments in September 2010, following his meeting with managers on August 30, 2010. Substantial evidence therefore supports the Board's finding that Alston was not removed due to disability and the burden of production did not shift to the government.

We have considered Alston's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.